## UNITED STATES v. SLUTZKY.
### No. 5747.

Circuit Court of Appeals, Third Circuit.
Sept. 19, 1935.

Robert M. McWade and S. C. Pugliese, both of Pittsburgh, Pa., for appellant.

Horatio S. Dumbauld, U. S. Atty., and James I. Marsh, First Asst. U. S. Atty., both of Pittsburgh, Pa., and Louis E. Graham, Sp. Asst. to the Atty. Gen.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

Slutzky and others were indicted in the District Court on December 11, 1933, for conspiracy to intimidate citizens in the free exercise of their right to vote under section 19 of the Criminal Code (18 USCA § 51). The case came on for trial and Slutzky took the stand as a witness in his own behalf and, after being sworn, testified at length.

On cross-examination, he was asked if he had ever been convicted of a felony. He answered, "No." He was asked if he was the "George Sands" who had been convicted of a felony in Paterson, N. J. He replied, "No." He was then asked if he had used the alias "George Sands." He replied, "No." Whatever influence this testimony may have had on the jury, he was acquitted of the conspiracy charge.

Thereafter Slutzky was indicted in the District Court under section 125 of the Criminal Code (18 USCA § 231) on two counts which charged him with having committed wilful and corrupt perjury.

The first count of the indictment charged that the defendant had perjured himself at the trial under section 19, in that he testified that he had not been convicted of a felony and the second count charged that he had perjured himself in stating that he had not used the alias, "George Sands."

At his trial below, the government showed that the defendant had answered the questions put to him in the negative when in fact he had been indicted under the name of George Sands in the court of oyer and terminer of Passaic county, N. J., for embezzlement by an agent in one count and larceny in the second count, prior to his indictment of December 11, 1933. The defendant entered a plea of not guilty to the indictment at Paterson, and later changed that to a plea of non vult, and he was sentenced to pay a fine of $150.

The defendant was tried below to the District Court and a jury on the two counts of the perjury indictment. He was found guilty and sentenced and is here on appeal.

He contends that the District Court was in error in refusing his motion to dismiss the indictment at the end of the government's case, that his denial that he had been convicted of a felony and his testimony that he was not the "George Sands" who was convicted of a felony at Paterson, N. J., were not false statements, and that his denial that he had used the name "George Sands" as an alias was not material to the issue being tried when he made the statement.

■ The bald question as to whether or not the defendant had been convicted of a felony was put to him in the federal court in the Western District of Pennsylvania, where he was on trial for conspiring to intimidate citizens in the exercise of their right of franchise. The question was addressed to him by the government on cross-examination. Technically and actually his answer as to his conviction was responsive and correct. He had not been convicted of a felony. The government framed its questions badly, since there are no general classifications of crimes in New Jersey as felonies and misdemeanors. In that state, crimes are generally known as high misdemeanors or misdemeanors. If the defendant's answers to questions were legally truthful, he cannot be held for perjury. The questions put to him must search for the truth, and he did tell the truth. Therefore he cannot be held to have been guilty of perjury as charged in the first count of the indictment below.

■ But the defendant admittedly had used the name, "George Sands" as an alias and was sentenced on the indictment in the New Jersey court of oyer and terminer under that name.

He contends that the question as to whether or not he had used the alias and his answer were not material to any issue involved in the trial before the District Court as required by the express language of section 125 of the Criminal Code (18 USCA § 231), which provides that: "Whoever, having taken an oath before a competent tribunal, * * * shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury."

We are of the opinion that the defendant's contention is clearly without merit and that his conviction on the second count must stand.

The defendant voluntarily became a witness in the conspiracy case, and the government undertook, on cross-examining him, to attack his credibility. The government was attempting to show that the defendant had been convicted of a serious crime in New Jersey under an assumed name. In the course of that line of questioning, the defendant stated that he had not used the alias. It is conceded that the negative answer is false in fact, and we are constrained to hold that it was used in testifying as to a material matter.

■ As it is defined in section 125 (18 USCA § 231) perjury means the willful giving of false testimony as to any material matter before a competent tribunal

under oath. A material matter, of course, does not mean necessarily a matter that directly affects the ultimate issue of the trial.

The phrase "material matter" as used in the statute in referring to perjury means one that is legally capable of being proved in the cause; that is, materiality refers to testimony that will legally evidence the propositions to be proved. And the materiality of the false testimony as an element in perjury is a question for the trial court to determine. Sinclair v. United States, 279 U. S. 263, 288, 49 S. Ct. 268, 73 L. Ed. 692.

The judgment of. the District Court is reversed as to the first count, and is affirmed as to the second count, of the indictment.