## UNITED STATES *v.* DEBROW.

NO. 51.

Argued October 20, 1953.—Decided November 16, 1953.

*John F. Davis* argued the cause for the United States. With him on the brief were *Acting Solicitor General Stern, Assistant Attorney General Olney, Beatrice Rosenberg* and *Felicia H. Dubrovsky.*

*Ben F. Cameron* argued the cause for respondents. With him on the brief were *W. S. Henley, R. W. Thompson, Jr., Albert Sidney Johnston, Jr., W. W. Dent* and *T. J. Wills.*

MR. JUSTICE MINTON delivered the opinion of the Court.

The respondents here, defendants below, were charged by separate indictments with the crime of perjury, as defined in 18 U. S. C. § 1621.[1] Each indictment read in material part as follows:

"[T]he defendant herein, having duly taken an oath before a competent tribunal, to wit: a subcommittee of the Senate Committee on Expenditures in the Executive Departments known as the Subcommittee on Investigations, a duly created and authorized subcommittee of the United States Senate conducting official hearings in the Southern District of Mississippi, and inquiring in a matter then and there pending before the said subcommittee in which a law of the United States authorizes that an oath be administered, that he would testify truly, did unlawfully, knowingly and wilfully, and contrary to said oath, state a material matter which he did not believe to be true . . . ."

The defendants filed motions to dismiss, which were sustained on the ground that the indictments did not allege the name of the person who administered the oath nor his authority to do so.[2] The Court of Appeals

---

[1] "Perjury generally.

"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both."

[2] *United States* v. *Debrow et al.,* U. S. D. C. S. D. Miss., Feb. 11, 1952 (unreported).

affirmed, one judge dissenting, 203 F. 2d 699, and we granted certiorari, 345 U. S. 991, because of the importance of the question in the administration of federal criminal law.

An indictment is required to set forth the elements of the offense sought to be charged.

> "The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' *Cochran and Sayre* v. *United States,* 157 U. S. 286, 290; *Rosen* v. *United States,* 161 U. S. 29, 34." *Hagner* v. *United States,* 285 U. S. 427, 431.

The Federal Rules of Criminal Procedure were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure. Rule 2, F. R. Crim. Proc. Rule 7 (c) provides in pertinent part as follows:

> "The indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . . It need not contain . . . any other matter not necessary to such statement. . . ."

The essential elements of the crime of perjury as defined in 18 U. S. C. § 1621 are (1) an oath authorized by a law of the United States, (2) taken before a competent tribunal, officer or person, and (3) a false statement wilfully made as to facts material to the hearing. The indictments allege that the subcommittee of the Senate was a competent tribunal, pursuing matters properly

before it, that in such proceeding it was authorized by a law of the United States to administer oaths, and that each defendant duly took an oath before such competent tribunal and wilfully testified falsely as to material facts.

The oath administered must be authorized by a law of the United States. This requirement is met by the allegations in the indictments that the defendants had "duly taken an oath." "Duly taken" means an oath taken according to a law which authorizes such oath. See *Robertson* v. *Perkins,* 129 U. S. 233, 236. The name of the person who administered the oath is not an essential element of the crime of perjury; the identity of such person goes only to the proof of whether the defendants were duly sworn. Therefore, all the essential elements of the offense of perjury were alleged.

The source of the requirement that an indictment for perjury must aver the name and authority of the person who administered the oath is to be found in R. S. § 5396, 18 U. S. C. (1940 ed.) § 558. It may be worthy of note that this provision was expressly repealed by Congress in 1948, 62 Stat. 862, in the revision and recodification of Title 18. The House Committee on Revision of the Laws had the assistance of two special consultants who were members of the Advisory Committee on the Federal Rules of Criminal Procedure and who "rendered invaluable service in the technical task of singling out for repeal or revision the statutory provisions made obsolete by the new Federal Rules of Criminal Procedure." H. R. Rep. No. 304, 80th Cong., 1st Sess., p. 4. In the tabulation of laws omitted and repealed by the revision, it is stated that R. S. § 5396 was repealed because "Covered by rule 7 of the Federal Rules of Criminal Procedure." *Id.,* at A214.

The charges of the indictments followed substantially the wording of the statute, which embodies all the elements of the crime, and such charges clearly informed the

defendants of that with which they were accused, so as to enable them to prepare their defense and to plead the judgment in bar of any further prosecutions for the same offense. It is inconceivable to us how the defendants could possibly be misled as to the offense with which they stood charged. The sufficiency of the indictment is not a question of whether it could have been more definite and certain. If the defendants wanted more definite information as to the name of the person who administered the oath to them, they could have obtained it by requesting a bill of particulars. Rule 7 (f), F. R. Crim. Proc.

The indictments were sufficient, and the dismissal thereof was error. The judgments are

*Reversed.*

MR. JUSTICE REED took no part in the consideration or decision of these cases.