Leonard WILLIAMS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16046.

United States Court of Appeals Fifth Circuit.

Jan. 18, 1957.

Rehearing Denied Feb. 20, 1957.

No appearance entered for appellant.

William N. Hamilton, William O. Braecklein, Asst. U. S. Attys., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before CAMERON, JONES and BROWN, Circuit Judges.

PER CURIAM.

The major contention of appellant raised on this appeal from a perjury conviction and judgment imposing a sentence of five years imprisonment is that appellant was denied a fair trial because the indictment charging perjury put before the jury that appellant had been convicted "upon his plea of guilty * * * to a charge of violating Sections 2113(a) and (d) of Title 18, United States Code * * *"

Appellant had petitioned the District Court for a hearing under 28 U.S.C.A. § 2255 for the purpose of putting on evidence to establish that his plea of guilty to attempted bank robbery in violation of 18 U.S.C.A. § 2113(a) and (d) was obtained through coercion and duress perpetrated upon him by federal and local law enforcement officers. The hearing had been granted in which appellant testified under oath to various acts of threats and beatings forcing and coercing him to plead guilty. The indictment charging perjury grew out of this testimony by appellant. At the trial the jury found upon sufficient competent evidence that appellant had perjured himself in so testifying.

It is fundamental that an indictment must contain a plain, concise and definite statement of the essential facts constituting the offense charged. Clay v. United States, 1955, 5 Cir., 218 F.2d 483; Johnson v. United States, 1953, 5 Cir., 207 F.2d 314; United States v. Williams, 1953, 5 Cir., 203 F.2d 572; and Rule 7(c) Federal Rules Criminal Procedure, 18 U.S.C.A. The essential elements of the crime of perjury are that a false statement be wilfully made upon a material matter in a case in which the law of the United States authorizes an oath to be administered before a competent tribunal. 18 U.S.C.A. § 1621. It must appear on the face of the indictment that these false statements were material to the matter in issue, here, the obtaining of the confession under duress. The materiality of the matter complained of may be charged in general language by an allegation of its materiality or by facts which, of themselves, show that it was material. Travis v. United States, 10 Cir., 1941, 123 F.2d 268.

The statement complained of here is necessarily interwoven with the factual circumstances surrounding the

giving of the false testimony, and could properly be set out in the indictment. Moreover, the record is replete with reference to appellant's confession to the prior offense, which necessarily had to be adduced upon proof of the offense charged. Finally, no seasonable objection was made to the actions of the Court below so as to bring before us this, or any other matter sought to be argued by appellant.

We have considered all of the contentions of appellant and find them without merit. The judgment is, therefore,

Affirmed.