Elmer James **BILDERBACK**, Jr.,
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16707.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1957.

Rehearing Denied Dec. 17, 1957.

D. Lee Churchwell, Macon, Ga., for appellant.

Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment of conviction for perjury[1] on each count of a four count indictment followed by one sentence to imprisonment for two years not to run concurrently with the sentence upon the conviction affirmed by this Court in Bilderback v. United States, 246 F.2d 138, upon the trial of which, according to the indictment, the perjury was committed. The charge in that case had been that the defendant unlawfully received, concealed and sold stolen or embezzled Government property.[2] We con-

sider separately each of the appellant's five specifications of error.[3]

### 1. Sufficiency of the Indictment.

The indictment charged that the defendant had falsely testified in the former case that he had not received, possessed, endorsed, nor cashed any one of four checks payable to E. J. Bilderback, drawn on the Citizens and Southern National Bank and signed by J. M. Hirsh, identified as Government Exhibits 12, 13, 14 and 15 upon the former trial. Except for the descriptions of the several checks, each count of the indictment was virtually identical.[4] Briefly, the claimed insufficiencies in each count are:

1. 18 U.S.C.A. § 1621.

2. 18 U.S.C.A. § 641.

3. "1. The indictment was fatally defective and therefore the court erred in not dismissing it.

"2. The court erred in not granting a judgment of acquittal notwithstanding the verdict and/or a motion for a new trial and in not granting a hearing under Title 28 U.S.C.A. 2255.

"3. The trial court erred in its charge to the jury as shown in exceptions to such charge.

"4. The trial court erred in not discharging appointed counsel and not allowing private counsel a hearing on a motion for a mistrial and in not hearing from appellant himself.

"5. The court erred in not declaring a mistrial on account of misconduct of government counsel during trial."

4. Count 1 was as follows:

"That on or about October 26, 1956, within the Macon Division of the Middle District of Georgia and within the jurisdiction of this court, there came on for trial before the Honorable W. A. Bootle, United States District Judge of the Middle District of Georgia, a court of competent jurisdiction, a criminal case entitled 'United States of America v. Elmer James Bilderback, Jr., alias Reverend Bilderback,' et al., being case No. 7257 on the criminal docket of the Macon Division of said court, wherein the United States was prosecuting one Elmer James Bilderback, Jr., alias Reverend Bilderback, and others, for alleged violations of 18 U.S.C. 371 and 18 U.S.C. 641, relating to stealing and purloining of AC spark plugs and other property from the United States at Robins Air Force Base, said United States District Court then

and there having full and competent power and jurisdiction to hear and determine said trial; and thereupon it became a material question in the hearing of said criminal case whether the said Elmer James Bilderback, Jr. had sold AC spark splugs to one J. M. Hirsh; this being a case in which oaths and affirmations were authorized to be administered by the laws of the United States, upon which said trial one Elmer James Bilderback, Jr., alias Reverend Bilderback, hereinafter referred to as the defendant, appeared and was called as a witness and then and there took an affirmation that the testimony which he, the defendant, would give the court there touching the matter then in question at said trial would be the truth, the whole truth and nothing but the truth; and on and during the trial of the case aforesaid, the Government introduced into evidence a check, dated November 26, 1954, payable to E. J. Bilderback, drawn on the Citizens and Southern National Bank, signed by J. M. Hirsh, in the amount of $750.00, and was identified as Government Exhibit No. 12, and is hereinafter referred to as Government Exhibit 12, and the testimony of said J. M. Hirsh showed that Government Exhibit No. 12 was given to the defendant as payment for a quantity of AC spark plugs; that the defendant while testifying, after having duly taken an affirmation as aforesaid, did wilfully, corruptly, and contrary to said affirmation, in substance state that he had not received, possessed, endorsed, nor cashed Government Exhibit 12; said statements which the defendant did then and there give under affirmation were then and there false, in that the defendant had received, possessed, endorsed and cashed Government Exhibit No. 12; said state-

(a) The reference to the "Judge" charges that the trial was before the judge rather than the court, and the judge was not a competent tribunal. While fully appreciating the distinction between the two, we think it plain from the count as a whole that the reference was simply to the judge of the court which had jurisdiction of the offense.

(b) The count failed to allege that the previous proceedings "ever advanced to a stage of completion showing either acquittal or conviction." Such an averment is not necessary to charge perjury.[5]

(c) The charge of materiality was insufficient. It is well settled that the materiality of perjured testimony may be charged by a simple allegation of its materiality instead of by pleading facts which, if themselves true, show that it was material.[6]

(d) It charges that the alleged perjury was committed under affirmation instead of under oath, and the perjury statute, 18 U.S.C.A. § 1621, refers only to an oath. 1 U.S.C.A. § 1 provides in part that, "In determining the meaning of any Act of Congress, unless the context indicates otherwise—* * * 'oath' includes affirmation, and 'sworn' includes affirmed." Rule 54(c), Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that " 'Oath' includes affirmation." A painstaking examination of the indictment leaves us in no doubt of its sufficiency.[7]

2. Sufficiency of the Evidence.

The United States Attorney, with a commendable sense of fairness, sought, in the absence of the jury, to avoid the necessity of introducing in evidence the indictment upon the former trial upon which was endorsed the jury's verdict finding the defendant guilty, whereupon defendant's then counsel stated:

"Mr. Miller: Your Honor, we will waive any objection that we might have to putting the jury's verdict before this jury, as putting the Defendant's character in issue."

It was stipulated that,

"* * * the transcript of the evidence in case No. 7257, United States vs. Elmer James Bilderback, Jr., et al. may be read in this case with the same force and effect as though the official court reporter who phonographically or stenographically reported the testimony and transcribed the same, was personally present and testifying to the correctness of her notes and the transcript thereof."[8]

According to that transcript, the defendant testified upon the former trial that he did not receive any one of the four checks; that the signature on the back was not his signature.[9]

---

ments so testified were then and there material matter in and to said criminal trial and were not true but false, as aforesaid, and were by the defendant not believed to be true, but were by him believed to be false; all in violation of 18 U.S.C. § 1621."

5. 18 U.S.C.A. § 1621.

6. Williams v. United States, 5 Cir., 1957, 239 F.2d 748, 749; Travis v. United States, 10 Cir., 1941, 123 F.2d 268, 270.

7. See Rule 7(c), Federal Rules of Criminal Procedure; United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L. Ed. 92; Williams v. United States, 5 Cir., 1957, 239 F.2d 748; Harrell v. United States, 5 Cir., 1955, 220 F.2d 516.

8. The record discloses that only pertinent parts of the transcript were actually read to the jury.

9. As to Government Exhibit No. 13, he had testified:
"Q. I'm asking you if the signature 'E. J. Bilderback' on the back is your signature? A. No sir.
"Q. That is not your handwriting? A. I am positive.
"Q. Have you examined it? A. Yes sir.
"Q. You are looking at it now? A. I am looking at it.
"Q. And you are testifying positively that this is not your signature? A. I am, sir.
"Q. You understand the question? A. I do sir, thoroughly."
He had testified similarly as to the other three checks.

The Government introduced a number of known and admitted specimens of the defendant's signature. A Special Agent of the Federal Bureau of Investigation who was a handwriting expert compared at length before the jury the known signatures with the disputed endorsements, and gave his opinion that they were written by the same individual.

J. M. Hirsh testified to giving the four checks to the defendant in payment for some AC spark plugs with platinum points. After examining the checks, the Cashier of the Citizens and Southern National Bank testified that Government Exhibits 13 and 15 had been cashed by bank teller No. 8, Miriam Hamilton, and that Exhibit 12 had been cashed by teller No. 7, Martha Patat. Each of these tellers testified, though entirely from the records, that they cashed the respective checks for the defendant. Exhibit 14 was not cashed by the defendant at the bank, but bore the endorsements of E. J. Bilderback, purportedly, and Bibb Auto Parts, Inc., Emory Highway. C. D. Ethridge, the operator of Bibb Auto Parts on Emory Highway, testified that the defendant gave him that check in payment of a $200.00 balance on a Ford truck which he had sold the defendant plus $7.50 for a battery; and that for the remainder of the $450.00 check he had given the defendant another check for $242.50 which, bearing the defendant's endorsement, was introduced in evidence, as was the invoice detailing the transaction.

■ The record upon the former trial was introduced before the court to enable it to decide, as a question of law, the materiality of the alleged perjury.[10] Correctly, we think, the court decided that the alleged perjured evidence was material.

Appellant's insistence that his conviction for perjury is wrongful because based on the uncorroborated testimony of the witness Hirsh is obviously unsound. As has been recounted, there was ample corroboration within the rule relied on. See Arena v. United States, 9 Cir., 1955, 226 F.2d 227.

3. The Court's Charge to the Jury.

■ The objections to the court's charge to the jury are not separately argued, and our examination of them discloses that they are without merit. The court instructed the jury fully and fairly.

4. Assistance of Counsel.

■ When the defendant was arraigned, he requested the court to appoint counsel for him. He stated that his present counsel on this appeal, Mr. Churchwell, had offered to represent him, but that he not accepted the offer. Mr. Churchwell intervened and a lengthy conversation with the court ensued, some eighteen typed pages, from which the court concluded, and properly so we think:

"By The Court: I so interpret Mr. Churchwell's remarks that he has assumed no responsibility at all, so he is not of counsel for Mr. Bilderback to any extent or any manner."

Judge Bootle then appointed other counsel whom Judge Bootle considered to be one of the most able and competent attorneys of the Macon bar. The case came on for trial before Judge Davis, who, upon motion for new trial, stated that he concurred in and reaffirmed Judge Bootle's opinion of the attorney appointed to represent the defendant.

On the morning of trial, the case was first called before Judge Bootle, where the defendant was not allowed to continue after he had stated: "Your Honor, I have something I would like to say."[11]

---

10. Blackmon v. United States, 5 Cir., 1940, 108 F.2d 572, 574; Harrell v. United States, 5 Cir., 1953, 220 F.2d 516, 518.

11. The entire proceeding on that occasion before Judge Bootle was as follows:
"Mr. Buford: I will call Case No. 33,

represented by Mr. Miller—Elmer James Bilderback, Jr.

"Mr. Miller: Your Honor, we have a motion to the sufficiency of the indictment that has not been ruled on, and subject to that motion and such others as

He now says that he then wanted to discharge his then counsel and either to represent himself or to be represented by his present counsel. Certainly, he was not sufficiently persistent to make such a request. The defendant and his then counsel went immediately before Judge Davis, who presided at the trial. The defendant had many opportunities to confer with his present counsel, yet the record[12] shows no expression of dissatisfaction with counsel made known to Judge Davis until after the jury had retired to consider its verdict, when the following ensued:

"The Defendant: Your Honor, I would like to have a word.

"The Court: I don't know that it would be proper at this time. The jury has just gone out.

"Mr. Miller: I think, Your Honor, all he wants to say is if the jury finds him guilty, Mr. Churchwell is his lawyer from here on out. Of course, as a matter of law, as soon as the jury comes back in, I would have no further connection with the case from that point on. Or, rather I believe my service goes through the sentencing of the Defendant, if the jury should find him guilty.

"Mr. Churchwell: Your Honor, might I make this motion—

"The Court: Well, that's premature. We can't be sure what the jury may do.

"Mr. Miller: That's what I told him, Your Honor.

"Mr. Churchwell: Your Honor, before you retire I want to make a motion.

"The Court: I won't discuss that; that is entirely premature.

"Mr. Churchwell: Your Honor understands I want to make a motion.

"The Court: This is not any time to do anything like that.

"Mr. Churchwell: (To the reporter): I wanted to make a motion before the Court and the Court retired saying this is not the time to do anything."

Assuming that the defendant desired to make a request for substitution of counsel after the jury had retired to

we might file, if overruled, we enter a plea of not guilty.

"By The Court: Very well. Do you wish to enter it now or wait until those motions are disposed of?

"Mr. Miller: Would it take another formal arraignment? We can enter it now subject to my statement.

"By The Court: Very well.

"Mr. Bilderback: Your Honor, I have something I would like to say.

"By The Court: Well, you have an attorney now and I think I'll just let him speak for you, Mr. Bilderback, if that is all right with your attorney.

"Mr. Miller: It's quite all right. I have said all I care to, Your Honor. I don't have any idea what he is going to say.

"By The Court: I suggest that you speak through Mr. Miller. I have appointed counsel for you, and he is a very good counsel and he will talk for you. Now I understand that Judge Davis is available to pass upon and hear those motions.

"Mr. Miller: This morning, sir?

"By The Court: Yes, I think so. I happened to see him Friday afternoon and I believe he said he would be here this morning.

"Mr. Buford: Mr. Miller, on behalf of the defendant, Elmer James Bilderback, has entered a plea of not guilty.

"By The Court: Very well."

12. The record does show that after the verdict had been returned Mr. Churchwell made the following statement to the court:

"Mr. Churchwell: I just wanted it to be made a matter of record, that before you came in the courtroom this morning I told Your Honor I had been employed and accepted full responsibility for it; and after the jury retired I said the same thing and I'm now saying the same thing again, and offering to take full responsibility.

"The Court: I am recognizing Mr. Miller as Defendant's counsel until sentence is imposed. That goes in the record and, of course, what you do after that is another matter.

"Mr. Churchwell: Yes sir, just note my exception then please sir; that's all."

consider its verdict,[13] the court did not abuse its discretion in declining to consider such a request made at so late a stage in the proceedings.[14]

■ In the defendant's "Motion for Re-Consideration and Hearing, and Amendment of Motions for Acquittal Notwithstanding the Verdict, and in the Alternative, for a New Trial," which stresses this question of assistance of counsel, there are references to U.S.C. Section 2255 of Title 28. A motion under that section would be a civil proceeding which could not properly be joined with motions in this criminal prosecution. Lest appellant be prejudiced by the discretion not to entertain a second motion under Section 2255,[15] we state our conclusion that no motion under that section has actually been ruled on or is presented for review.

5. Claimed Misconduct of Government Counsel.

■ In his argument to the jury, defendant's counsel undertook to state the reasons why the defendant did not testify as a witness in his own behalf.[16] To that argument, the United States Attorney responded and the defendant in turn moved for a mistrial, which motion the court denied, all as fully set forth in the margin.[17] We think that the response

13. Or for that matter (see footnote 12, supra), on the morning of the last day of trial, which was immediately prior to the court's charge to the jury, commencing at 10:25 A.M.

14. See United States v. Paccione, 2 Cir., 1955, 224 F.2d 801, 802; United States v. Mitchell, 2 Cir., 1943, 137 F.2d 1006, 1011; McDonald v. Hudspeth, 10 Cir., 1940, 113 F.2d 984, 985; 23 C.J.S. Criminal Law § 979, p. 320.

15. "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Title 28 U.S.C.A. § 2255.

16. "* * * with one exception, the Government read to you ladies and gentlemen as much of the testimony of Mr. Bilderback in the prior case, with one exception, that I thought was necessary for his defense in this case before you ladies and gentlemen. For that reason and another reason that I'll get to in a moment, I didn't put Mr. Bilderback on the witness stand.

"The other reason I didn't put him up there is because he's been over yonder once and convicted of eight counts and they brought him here with four counts, and if I had put him on the witness stand, he'd be here next October with 3 or 4 more counts; and I wasn't going to subject my client to that possibility, being prosecuted for perjury."

17. "Mr. Buford: * * * Mr. Miller stated to you members of this jury his reasons for not putting his Defendant on the stand. I have no reason to question Mr. Miller in his statement as to why he didn't put him on the stand. Frankly, I would have had no objection to him getting on the stand. I brought you everything I had. I brought you the Government's evidence in here. I thought you jurors were entitled to know it. And I don't hesitate to tell you, Mr. Miller certaintly said one thing that was correct: He said if I had put him on the stand then and if he had lied again, Mr. Buford would be prosecuting him at the next term of court, and I would.

"Mr. Miller: I object to that, Your Honor, and move for a mistrial. I made no such statement that if this witness was put on the witness stand and lied, that he'd be prosecuted. I did not use the word 'lie'. I say the statement is highly prejudicial and inflammatory and I move Your Honor for a mistrial.

"The Court: I will *deny the motion* for a mistrial. But let me instruct the jury here: Of course, the comment about his reason for not taking the stand was originated by Defendant's counsel, but let me tell the jury here, that under the law a Defendant has a right to take the stand and testify as a witness, or he has a right, which is just as sacred, not to take the stand. And a defendant who does not take the stand is acting, and is exercising his right under the law.

"And the jury will not be influenced by clashes or arguments of counsel in the determination of the truth of the case, but it is to be determined under the evidence and the law that the Court will give you.

"All right, go ahead.

"Mr. Buford: It would be my duty, as it has been since I had the honor and the distinction of serving as a prosecutor in your District, a Federal prosecutor, and it will be my intention to prosecute every perjurer, just as I would any other violator of the law. It makes no difference to me and I am sure it makes no difference to you whether he's a preacher, a lawyer, or who he is * *."

of the United States Attorney was fairly called for by the argument of defendant's counsel. In any event, in view of the court's instructions to the jury, there was no error in denying the motion for a mistrial.

Finding no reversible error in the record, the judgment is

Affirmed.