Stanley R. KOLASKI, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22465.

United States Court of Appeals
Fifth Circuit.

July 1, 1966.

Rehearing Denied July 29, 1966.

Tuttle, Chief Judge, dissented.

J. Edwin Smith, Houston, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and JONES and WATERMAN,* Circuit Judges.

JONES, Circuit Judge:

The appellant, Stanley R. Kolaski, was charged by an information in the following language:

On or about October 26, 1964, in the Houston Division of the Southern District of Texas, STANLEY R. KOLASKI, did wilfully and knowingly make and subscribed a special tax return and application for Registry-Wagering Form 11–C, which was verified by written declaration that it was made under the penalties of perjury, which said special tax return he did not believe to be true and correct as to every material matter in that the said special tax and application for registry and wagering return stated that the

* Of the Tenth Circuit, sitting by designation.

defendant had no employees and/or agents engaging in receiving wagers on his behalf for the period October 26, 1964, to June 30, 1965, that the name and address where each such business was conducted was at 1414 Bastrop, at large, Pasadena, Texas, whereas he then and there well knew and believed that he did in fact have employees and/or agents engaged in receiving wagers on his behalf and conducted his wagering business at Wink Drive-In, 3024 South Richey, Houston, Texas and at Larry's Drive-In, 4828 Allendale, Houston, Texas, for the period of October 26, 1964, to June 30, 1965. (Violation Section 7206(1), Title 26, United States Code.)

Kolaski waived counsel, waived indictment, and entered a plea of guilty. He was sentenced to pay a fine of $1,000 and to serve a sentence of six months. Before the date fixed for commencing to serve his sentence Kolaski procured counsel and filed motions to set aside the conviction, for a new trial, for arrest of judgment and for correction or reduction of an illegal sentence. At the same time, Kolaski filed a motion to vacate and set aside his conviction and sentence under 28 U.S.C.A. § 2255. All of the motions were denied and appeals to this Court were taken. The appeals have been consolidated.

The offense is defined by the statute in these words:

"Any person who—

"(1) *Declaration under penalties of perjury.*—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct in every material matter;

\*   \*   \*   \*   \*   \*

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution. 26 U.S.C.A. § 7206(1).

The statute here involved is a perjury statute. As in the general statute on perjury, 18 U.S.C.A. § 1621, the gist of the offense is a false statement, willfully made, of a material matter. The statement must be with respect to a fact or facts. United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. See Williams v. United States, 5th Cir. 1957, 239 F.2d 748. The statement must be such that the truth or falsity of it is susceptible of proof. United States v. Slutzky, 3rd Cir. 1935, 79 F.2d 504. The truth or falsity of the statement is to be related to the time the statement is made. Smith v. United States, 6th Cir. 1948, 169 F.2d 118.

It may be noted that the information does not charge a false statement of an intent to have employees in the future engaged in gambling. It charges that, on October 26, 1964, he stated that he had no employees engaged in gambling for the period October 26, 1964, to June 30, 1965, and that he then and there well knew that he did in fact have employees engaged in gambling for the period of October 26, 1964, to June 30, 1965. Since it would have been impossible for the appellant, on October 26, 1964, to have then and there, in fact, had employees for a more than eight months period then beginning, the statement made in the information could not be true and the truth of such statement was not susceptible of proof. The information does not state an offense.

The United States urges that the appellant, by his plea of guilty has waived his right to object to the defective information. If an indictment or information is so defective as not to charge an offense, the sentence should be vacated on a motion pursuant to 28 U.S.C.A. § 2255, notwithstanding the entry of a plea of guilty. One cannot make an effective plea of guilty when no offense is charged. Marteney v. United States, 10th Cir. 1954, 216 F.2d 760.

The order of the district court denying appellant's motion under § 2255 is reversed and the cause is remanded with directions to grant the appellant's motion

to vacate the judgment of conviction and sentence, and to dismiss the information.

Reversed and remanded.

TUTTLE, Chief Judge (dissenting):

With deference to the views of my colleagues, I respectfully dissent. Here we are dealing with a plea of guilty. Kolaski pleaded guilty to an indictment that when, on October 26, 1964, he stated that he "had no employees and/or agents engaging in receiving wagers on his behalf for the period October 26, 1964 [the date of the affidavit] to June 30, 1965," he did then and there know and believe that he did, in fact, have employees and/or agents "engaged in receiving wagers on his behalf and conducted in his wagering business at [several places] for the period of October 26, 1964 to June 30, 1965."

The opinion of the court suggests that it would be literally impossible for Kolaski to know that, on the day he said he didn't have any employees so engaged for the period beginning on that date, he did, to the contrary, have them engaged. So far as this record shows, Kolaski may have had half a dozen employees engaged under a written contract covering a period antedating October 26, 1964, and extending beyond June, 1965. It is equally possible, and I suggest, more likely, that on the very day he signed the affidavit, there were people employed by him actually taking bets and conducting gambling operations in the various places alleged in the indictment. This, it seems perfectly plain to me, would amount to "Hav[ing] employees * * * engaged in receiving wagers in his behalf * * * for the period of October 26, 1964, to June 30, 1965."

All we have here is a question of proof; not a question of invalid indictment. In other words, I think it clear that a verdict of guilty would be warranted even at a jury trial, as distinguished from a plea of guilty, if the proof showed that, on the very day that he swore he had no such employees engaged for the period beginning on that day, he did actually, in fact, have persons working for him in the gambling business.

I therefore believe the judgment of conviction should be affirmed, and I therefore respectfully dissent.