**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sebastian Jesse MIRELEZ, Defendant-Appellant.**

**No. 74–1166**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

July 1, 1974.

---

\* Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Philip S. Greene, Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, DYER and RO-NEY, Circuit Judges.

PER CURIAM:

Mirelez pled guilty to two counts of an indictment charging him with willfully making false statements in his income tax returns for the calendar years 1966 and 1967 by the omission of gross income derived from the sale of heroin. He argues that the failure to report the source of income as heroin sales is an essential element for which he was charged and "that the imposition of such a 'harsh disclosure' requirement is the wrong thing to do." He further asserts that he cannot be compelled to state the source of his income because it would tend to incriminate him. We affirm.

It is clear that Mirelez was not charged with falsely stating the *source* of his income but rather was charged with the willful failure to report certain gross income under 26 U.S. C.A. 7206(1), a perjury statute.[1] The gist of the offense is a willfully false

---

1. Title 26 U.S.C.A. § 7206(1)

Any person who—

(1) Declaration under penalties of perjury—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct in every material matter;

\* \* \* \* \* \*

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.

statement with respect to material fact or facts susceptible of proof. Kolaski v. United States, 5 Cir. 1966, 362 F.2d 847, 848. *Accord,* United States v. Lewis, 5 Cir. 1972, 475 F.2d 571, 573–574. Thus the violations to which Mirelez entered his pleas of guilty were complete with the omission of gross income, regardless of its source. United States v. Garcilaso de la Vega, 2 Cir. 1974, 489 F.2d 761, 765.

We are equally unimpressed with Mirelez' argument that he cannot be forced to incriminate himself by stating in his tax return that the source of income was the illegal sale of heroin. "It would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime. But if the defendant desired to test that or any other point he should have tested it in the return so that it could be passed upon. He could not draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law." United States v. Sullivan, 1927, 274 U.S. 259, 263–264, 47 S.Ct. 607, 608, 71 L.Ed. 1037.

Finally, relying on United States v. Sepe, 5 Cir. 1973, 486 F.2d 1044 (en banc), Mirelez now asserts that since we have disapproved any agreement between the prosecutor and defendant whereby a guilty plea is entered with a reservation of the right to appeal non-jurisdictional defects, he is entitled to have the adjudication of guilt based upon his plea reversed and have the case remanded so that he may plead anew. We disagree. The issues raised on this appeal go to the jurisdiction of the district court, *i. e.* an attack upon the indictment for failure to state an offense, and an assertion that the statute forming the basis of the charges in the two counts to which pleas were entered is an unconstitutional infringement of Mirelez' Fifth Amendment privilege. These issues were expressly excepted in *Sepe* and could be raised on appeal without specifically reserving the right to do so. *Sepe* simply disapproved the reservation of a right to appeal non-jurisdictional defects after a guilty plea.

We have considered and find without merit the other issues raised on appeal.

Affirmed.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.