USCA1 Opinion

 

 February 16, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-1817 UNITED STATES OF AMERICA, Appellee, v. ROGER W. CORREIA, SR., Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________  ____________________ Torruella, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________  ____________________ Bjorn R. Lang, with whom Owen S. Walker was on brief for _______________ ________________ appellant. Sheila W. Sawyer, Assistant United States Attorney, with whom _________________ Donald K. Stern, United States Attorney, was on brief for appellee. _______________  ____________________  ____________________ Per Curiam. After appellant Roger Correia, Sr., pled Per Curiam ___ ______ guilty to four counts of defrauding the Social Security Adminis- tration ("SSA"), the district court enhanced his sentence pursu- ant to U.S.S.G. 3C1.1. The sole issue on appeal is whether the oath administered to appellant during the course of the fraud investigation conducted by the United States Department of Health and Human Services ("HHS") was authorized by law. We affirm. The district court imposed a two-point upward adjust- ment for attempting to obstruct or impede the administration of justice during the HHS fraud investigation. The guideline commentary makes a clear distinction between sworn and unsworn statements. "Committing, suborning, or attempting to suborn perjury" is specifically enumerated conduct to which the adjust- ment applies. U.S.S.G. 3C1.1, comment. (n.3(b)).1 The only question raised is whether the HHS inspectors were authorized to administer an oath to appellant. See United States v. Debrow, ___ ______________ ______ 346 U.S. 374, 377 (1953). The instant HHS investigation was conducted in accor- dance with the Inspector General Act of 1978, which establishes inspectors general within, inter alia, the Department of Health _____ ____  ____________________ 1Perjury is defined at 18 U.S.C. 1621: Whoever, having taken an oath before a com- petent tribunal, officer, or person in any case in which a law of the United States authorizes an oath to be administered. . . willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true. . . is guilty of perjury. . . . 2 and Human Services, "to conduct and supervise audits and investi- gations relating to [its] programs and operations . . . ." 5 U.S.C. app. 3 2(1) (1994). The Inspector General of HHS is empowered "to administer to or take from any person an oath, affirmation, or affidavit whenever necessary in the performance _________ __ ___ ___________ of the functions assigned by this Act." Id. 6(a)(5) (emphasis __ ___ _________ ___ added). Appellant's lone argument is that it was not "necessary in the performance of the functions" assigned to the HHS to administer an oath in investigating this case. This claim rings especially hollow here, since appellant had lied to HHS investi- gators during an earlier interview, thereby enabling him to continue for almost two additional years to receive disability payments to which he was not entitled. As appellant was subject to a duly administered oath at the time he willfully made materially false statements to the HHS inspectors, the two-point enhancement under U.S.S.G. 3C1.1 was entirely proper. AFFIRMED. AFFIRMED ________ 3