## STATE

v.

### Jeffrey S. MURRAY.

No. 2011–127–C.A.

Supreme Court of Rhode Island.

May 30, 2012.

Aaron L. Weisman, Department of Attorney General, for State.

Jodi M. Gladstone, Esq., for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice FLAHERTY, for the Court.

The defendant, Jeffrey S. Murray, appeals from the denial of his motion to correct an illegal sentence pursuant to Rule 35 of the Superior Court Rules of Civil Procedure. In February 2010, the defendant was charged by criminal information with a felony pursuant to G.L.1956 § 12–29–4 and § 12–29–5 of the Domestic Violence Prevention Act for violating a no-contact order.[1] That same month, the defendant pled nolo contendere to the charge; under the terms of G.L. § 12–29–5, the hearing justice sentenced the defendant to four years imprisonment at the Adult Correctional Institutions, with one year to serve and three years suspended, with probation. On June 15, 2010, the defendant filed a Rule 35 motion to correct sentence, arguing that the sentence imposed on him was illegal because in his view, the provisions of § 12–29–5 apply only to individuals with two prior misdemeanor convictions, and one of his predicate offenses was a felony. After a hearing, a justice of the Superior Court denied the defendant's motion, and ruled that the provisions of § 12–29–5 did apply, because the defendant had been convicted of two prior domestic violence offenses, and the statute did not distinguish between misdemeanors and felonies.

On April 4, 2012, the parties appeared before this Court for oral argument pursuant to an order directing the parties to show cause why the issues raised by defendant's appeal should not be decided summarily without further briefing or argument. After considering the record, the memoranda submitted by the parties, and the arguments advanced by each, we are of

---

1. General Laws 1956 § 12–29–4(a)(3) provides that a "[w]illful violation" of a no-contact order issued at arraignment or as part of a disposition is a misdemeanor. According to the provisions § 12–29–5, however, the state charged defendant with a felony. Under § 12–29–5(c):

   "(1) Every person convicted of an offense punishable as a misdemeanor involving domestic violence as defined in § 12–29–2 shall:
   * * *
   (ii) For a third and subsequent violation be deemed guilty of a felony and be imprisoned for a term of not less than one year and not more than ten (10) years."

   Indeed, defendant hardly can be described as a model of sanguine domestic behavior. In April 2000, defendant was convicted of first degree-sexual assault in violation of G.L.1956 § 11–37–2 and § 11–37–3 as well as assault with a dangerous weapon in violation of G.L. 1956 § 11–5–2. In May 2009, he was convicted of misdemeanor assault in violation of § 11–5–3 and § 12–29–5, and malicious damage in violation of G.L.1956 § 11–44–1 and § 12–29–5. Here, the information alleged that defendant called the victim ten times from the Adult Correctional Institutions.

the opinion that cause has not been shown and that the appeal should be decided at this time. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

■■■ Although defendant's arguments urge us to construe this statute in light of the nature of his prior offenses, consistent with this Court's well-established precedent, we need not, and shall not, reach the merits of his argument. This is so because, in our opinion, although it is framed in the terms of a Rule 35 motion, defendant's argument is not an attack on the legality of his sentence, but rather on the propriety of his conviction—namely, that the state improperly charged him with a violation of § 12–29–5.[2] However, by virtue of his knowing and voluntary decision to enter a plea of nolo contendere, defendant unequivocally has waived all nonjurisdictional defects in the criminal information. *See Torres v. State*, 19 A.3d 71, 79 (R.I.2011); *Miguel v. State*, 774 A.2d 19, 22 (R.I.2001). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Torres*, 19 A.3d at 79 (quoting *Miguel*, 774 A.2d at 22). Although there are a few exceptions to this general rule, it is immediately evident that none of them apply to the circumstances of this case. *See id.* ("[A]lthough the general rule is that 'a plea of guilty waives all nonjurisdictional defects, * * * [it] does not bar appeal of claims that the applicable statute is uncon-

stitutional or that the indictment fails to state an offense.'" (quoting *United States v. Broncheau*, 597 F.2d 1260, 1262 n. 1 (9th Cir.1979))). Here, defendant has not asserted that § 12–29–5 is unconstitutional or that the information was so deficient that it failed to charge him with an offense. *See Torres*, 19 A.3d at 79 (citing *Kolaski v. United States*, 362 F.2d 847, 848 (5th Cir. 1966)). If defendant had wished to challenge the substance of the information, there were ample avenues for him to do so before he entered his plea. *See, e.g.*, Rule 9.1 of the Superior Court Rules of Criminal Procedure ("A defendant who has been charged by information may * * * move to dismiss on the ground that the information and exhibits appended thereto do not demonstrate the existence of a probable cause to believe that the offense charged has been committed * * *."); Rule 12(b)(2) of the Superior Court Rules of Criminal Procedure ("[A]ll * * * defenses and objections based on defects in the institution of the prosecution or in the * * * information * * * may be raised only by motion before trial.").

■■■ Although it is true that a court has the authority to correct an illegal sentence at any time, *see State v. Hak*, 963 A.2d 921, 926 n. 3 (R.I.2009), the sentence in this case certainly is not illegal because it is well within the prescribed statutory limits. *See* § 12–29–5(c)(1)(ii) ("For a third and subsequent violation be deemed guilty of a felony and be imprisoned for a term of not less than one year and not more than ten (10) years."). Therefore, the hearing jus-

---

2. Rule 35(a) of the Superior Court Rules of Criminal Procedure states that the Court "may correct an illegal sentence at any time." Additionally, the rule provides "[t]he court may correct a sentence imposed in an illegal manner * * * when a motion is filed within one hundred and twenty (120) days after the

sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal * * *." *Id.*

tice did not err when she denied the defendant's Rule 35 motion.

## Conclusion

The judgment of the Superior Court is affirmed. The record in this case is remanded to the Superior Court.