**UNITED STATES of America, Plaintiff,**

v.

**John R. BAHR, Defendant.**

**No. CR 82–3011.**

United States District Court,
N.D. Iowa, C.D.

Oct. 6, 1983.

---

Thomas G. Schrup, Asst. U.S. Atty., Dubuque, Iowa, for plaintiff.

John R. Bahr, pro se, Gerard J. Glaza, Cedar Rapids, Iowa, William A. Cohan, P.C., Denver, Colo., for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's resisted motion for entry of judgment of acquittal, filed September 9, 1983. Denied.

Defendant was charged in a four count indictment with filing a false federal income tax return for the tax year 1976 and with failing to file a federal income tax return for the tax years 1977, 1978 and 1979. On September 2, 1983, following a four day trial, the jury returned a verdict of guilty on all four counts. Defendant seeks judgment of acquittal on all counts for the reasons discussed below.[1]

## I. THE TRIAL JUDGE SHOULD HAVE RECUSED HIMSELF

■ Defendant attempted to raise this claim by motion prior to trial, however, for the reasons outlined in this court's August 26, 1983 order, the motion was denied. Defendant has not presented any new evidence which would justify recusal in this case and in particular defendant has not even alleged that the motion to recuse is based on the extrajudicial conduct of the trial judge. Hence, defendant's claim is without merit.

## II. COUNT I OF THE INDICTMENT WAS CONCLUSIVELY REFUTED BY THE GOVERNMENT'S EVIDENCE

Count I of the indictment alleged in part that defendant's,

1976—1040 Federal Income Tax Return stated that the reported taxable income was in an amount of a negative $42,-405.00 whereas, as he then and there

well knew and believed that his correct taxable income was $9,041.33.

Defendant alleges that the government failed to prove the allegation in Count I of the indictment because, 1) nowhere on the return in question did the figure $42,405 appear and, 2) on line 47 of the return, calling for entry of the taxpayer's "taxable income," no figures appeared. The government resists this contention on the grounds that the proof at trial established that defendant's income was $42,405 and that that figure could be determined from other information contained on the return. Further, the government alleges that the variance is immaterial and that the indictment clearly advised the defendant of the fact constituting the offense with which he was charged in Count I.

■ An indictment will be deemed sufficient if, 1) the facts stated show the essential elements of the offense and, 2) the charges clearly inform the defendant of that with which he has been accused, so as to enable him to prepare his defense and to plead the judgment in bar of further prosecutions for the same offense. *Russell v. United States,* 369 U.S. 749, 763, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240 (1962); *United States v. Debrow,* 346 U.S. 374, 375, 376–77, 74 S.Ct. 113, 114, 115, 98 L.Ed. 92 (1953); *Evans v. United States,* 153 U.S. 584, 14 S.Ct. 934, 38 L.Ed. 830 (1894); *United States v. Collins,* 652 F.2d 735, 738 (8th Cir.1981). Even where there is a variance between the indictment and the proof at trial, such variance will not be fatal where the portions of the indictment allegedly unproven are not essential elements of the government's proof. See *United States v. Lyman,* 592 F.2d 496, 500–501 (9th Cir.1978) cert. denied 442 U.S. 931, 99 S.Ct. 2864, 61 L.Ed.2d 300 (1979).

■ Here, defendant was adequately apprised of the charge made against him in Count I; he claims no prejudice due to the alleged variance in proof and the court perceives none. The government was not

---

**1.** Defendant made an oral motion for judgment of acquittal, based on the same grounds, at the close of the evidence. That motion was denied by the court.

required to prove that a specific amount of income was falsely reported on a particular line on defendant's 1976 tax return in order to convict defendant on Count I. Moreover, as the government notes, a claim virtually identical to that asserted herein has been rejected by the Eighth Circuit Court of Appeals as being "narrow and unrealistic." *United States v. Engle*, 458 F.2d 1017, 1019 (8th Cir.1979). Thus, for these reasons and because the verdict was supported by the evidence, defendant's second contention is rejected.

### III. THE CALCULATIONS OF GROSS INCOME WERE INCOMPETENT BECAUSE BASED ON AN ACCOUNTING ASSUMPTION CONCEDEDLY ERRONEOUS AS A MATTER OF LAW

■ Defendant claims that plaintiff erroneously relied on a method of accounting, different from that which defendant would have been required by law to use, to calculate defendant's gross income for the years in question. Defendant asserts that such variance in the method of accounting is grounds for acquittal. Without deciding whether the accounting method relied on by the government was technically correct, the court finds that defendant's claim does not justify acquittal.

As the court has previously indicated, it was not necessary that the government establish the exact amount of gross income or tax liability in a particular year in order to convict defendant on the offenses charged. *See United States v. Stein*, 437 F.2d 775, 779 (7th Cir.1971). The government was only required to show that defendant willfully filed a false return or willfully failed to file a return in a particular year, as charged in the indictment. The evidence adduced at trial indicated that defendant's return for 1976 would have been false and that he would have been required to file returns in 1977, 1978 and 1979; no matter which method of accounting was used. Further, the jury found that sufficient evidence existed to convict defendant.

Under these circumstances, any error made in the method of accounting was harmless.

### IV. THE GOVERNMENT'S EVIDENCE SUFFERED FROM TOO MANY ERRORS OF FACT AND LAW TO SHIFT THE BURDEN TO THE TAXPAYER

■ Defendant argues that plaintiff should not have been allowed to rely on the "percentage method" to prove defendant's cost of goods sold, and to arrive at a gross income figure, because that is not an approved method of proof in criminal tax cases. In support of his claim defendant cites *Vloutis v. United States*, 219 F.2d 782 (5th Cir.1955) and *United States v. Grasso*, 629 F.2d 805 (2d Cir.1980). However, as the government points out, reliance on these cases is misplaced because they were net worth tax evasion cases. The government's burden in such cases is greater than in a false return or failure to file case, such as this case. *United States v. Ballard*, 535 F.2d 400, 405 (8th Cir.1976).

Moreover, it is important to note that the government did not rely solely on a "percentage method" of proof in this case. Instead, it primarily relied on a combination of the bank deposits method and the specific items methods of proof to prove the charges against defendant. The only percentage computations performed by the government concerned the cost of goods sold. To have required the government to prove a more exact cost of goods sold figure would have been unreasonable.

■ As the evidence at trial revealed, the government did attempt to track down some of the checks which defendant had endorsed over to suppliers as payment for costs of goods sold. However, the government was forced to abandon its efforts because of the excessive time, trouble and expense which would have been required to perform such an investigation. Even then, there was no assurance that the calculation of cost of goods sold would be accurate. The government is only required to follow leads which are provided by the taxpayer, pertain to income, and are "reasonably sus-

ceptible of being checked." *See Holland v. United States,* 348 U.S. 121, 135, 75 S.Ct. 127, 135, 99 L.Ed. 150 (1954); Jury Instruction # 16. Here, the leads did not pertain to income, were not provided by the taxpayer and were not "reasonably susceptible of being checked."

Finally, although the government bears the burden of proof throughout any criminal proceeding, where, as here, the government establishes the existence of unexplained receipts, sufficient to give rise to the filing requirements under the tax laws, and it has followed up on all reasonable leads as to cost of goods sold, a defendant ought not be heard to complain that the government's calculations are inaccurate. In such a case, the government will be deemed to have established a prima facie case of the taxpayer's failure to disclose substantial gross income and it will be left to the taxpayer to establish the amount of offsetting expenses. *See United States v. Ballard,* 535 F.2d 400, 404–405 (8th Cir. 1976); *Siravo v. United States,* 377 F.2d 469, 473–474 (1st Cir.1967); *See also, United States v. Stein,* 437 F.2d at 778; *United States v. Lacob,* 416 F.2d 756, 760 (7th Cir.1969).

Here, the government did all that could be expected to arrive at a cost of goods sold. Even if that figure was inaccurate, there was substantial other evidence from which the jury could conclude that defendant had both the requisite intent and gross income to give rise to verdicts of guilty on each count in the indictment.

It is therefore

ORDERED

Denied.