127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David LESEBERG, Defendant-Appellant.
 No. 96-16783.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 24, 1997.
 
 Appeal from the United States District Court for the District of Nevada Howard D. McKibben, District Judge, Presiding
 Before: SCHROEDER, BEEZER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant David Leseberg appeals his criminal convictions of refusing to submit to a blood alcohol test in violation of 36 C.F.R. §§ 4.23(c)(1) and (2), unsafe operation of a motor vehicle in violation of 36 C.F.R. § 4.22(b)(1), failure to stop in violation of 18 U.S.C. § 18 and 36 C.F.R. § 4.2/NRS 484.348, and having no proof of insurance in violation of 18 U.S.C. § 18 and 36 C.F.R. § 4.2/NRS 485.187.
 
 
 3
 Leseberg claims that the magistrate judge should have dismissed the criminal complaint because it included an affidavit of probable cause supporting the warrantless arrest. Leseberg claims that this practice violated his fifth amendment right to procedural due process and his sixth amendment right to confront witnesses. We review the constitutional claims de novo. United States v. Miguel, 111 F.3d 666, 669 (9th Cir.1997).
 
 
 4
 Leseberg has not shown a fifth amendment due process violation nor a sixth amendment confrontation violation as a result of the inclusion of the probable clause affidavit within the complaint. The magistrate judge expressly stated that he was aware of the material and would not let the material bias nor prejudice his decision:
 
 
 5
 ... but the elements of the complaint are separate, the affidavit does not have to be read, and I--I'm assuming other courts, as diligently as I, make sure we don't make reference to that when we're getting ready to try the case. We try to know what the elements of the charges are, but to let the facts speak for themselves so we are not biased or prejudiced by the things that are said.
 
 
 6
 Since the government proved its case with sufficient evidence other than the affidavit of probable cause, and since the magistrate judge expressly stated that he did not rely upon the affidavit, we find no fifth nor sixth amendment violations.
 
 
 7
 Leseberg then cites United States v. Van Griffen, 874 F.2d 634 (9th Cir.1989), to argue that the inclusion of the affidavit, at the least, created an appearance of bias. Pursuant to 28 U.S.C. § 455, a judge must be disqualified if a reasonable person would believe that the judge was not impartial. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1987). In Van Griffen, a magistrate judge had the police citation and report of the incident on his bench in a situation where that defendant waived his right to a jury trial and the magistrate judge was hearing the case. We held that although it was improper for the judge to have such materials, the conviction would not be reversed because that judge stated clearly that he had not examined those materials and a reasonable person could not doubt that judge's impartiality.
 
 
 8
 As in Van Griffen, we find that since the magistrate judge stated clearly that he would be biased nor prejudiced by the inclusion of the affidavit, a reasonable person could not doubt the magistrate judge's impartiality.
 
 
 9
 As to Leseberg's challenges to the sufficiency of the charges in the government's complaint, we find that Leseberg was informed of the essential elements of all charges against him, and made aware of what he needed to defend against. United States v. Debrow, 346 U.S. 374, 376 (1953); United States v. Christopher, 700 F.2d 1253 (9th Cir.1983).
 
 
 10
 Leseberg challenges his conviction of failure to provide proof of insurance under 18 U.S.C. § 18 and 36 C.F.R. § 4.2/NRS 485.187(1)(b), since he subsequently provided proof of insurance at trial pursuant to NRS 485.187(1)(c). NRS 485.187(1)(c) states that if the defendant provides proof of insurance at trial, then no fine can be imposed. It does not, however, preclude a conviction under that statute.
 
 
 11
 The essential element of NRS 485.187(1)(b) is that the driver of the motor vehicle does not provide evidence of insurance when requested to do so by an authorized person. Leseberg was not able to do this. Reviewing the conviction for sufficiency of the evidence, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Iriarte-Ortega, 113 F.3d 1022, 1024 n. 2 (9th Cir.1997); United States v. Mayberry, 913 F.2d 719, 721 (9th Cir.1990) (same test applies to bench trial).
 
 
 12
 Leseberg summarily claims that 36 C.F.R. § 4.23(c)(1) is unconstitutionally vague. However, a mere assertion without substantive argument need not be reviewed by this Court, and we will not do so here. See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985).
 
 
 13
 The charges of unsafe operation of a motor vehicle and failing to stop are not multiplicitous in that each charge requires proof of an element that the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 14
 The four month imprisonment sentence is within statutory limits. Generally, as long as the sentence imposed does not exceed statutory limits, we will not overturn the sentence on Eighth Amendment grounds. United States v. Zavala-Serra, 853 F.2d 1512, 1518 (9th Cir.1988). We will not do so here.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3