UNITED STATES of America,

v.

Alphonso Michael ESPY, Defendant.

No. 97–CR–0335 (RMU).

United States District Court,
District of Columbia.

Aug. 28, 1998.

William Francis Fahey, Office of Independent Counsel, Alexandria, VA, for Plaintiff.

Reid Henry Weingarten, Steptoe & Johnson, L.L.P., Washington, DC, Theodore V. Wells, Lowenstein, Sandler, Brochin, Kohl, Fisher & Boylan, Roseland, NJ, Charles J. Ogletree, Jr., Harvard Law School, Cambridge, MA, for Defendant.

## MEMORANDUM OPINION AND ORDER

URBINA, District Judge.

### Denying All Motions

### I. Introduction

On August 27, 1997, a grand jury returned an indictment against former Secretary of Agriculture, Alphonso Michael Espy, based on events that occurred when he headed the United States Department of Agriculture ("USDA"). The thirty-nine count indictment details a series of federal offenses the defendant violated when he allegedly solicited, accepted, and later attempted to conceal receipt of illegal gratuities from persons and entities regulated by the USDA. The majority of the offenses center around the Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343, 1346 (1994)), Gratuity to Public Official (18 U.S.C. § 201(c)(1)(B) (1994)), Meat Inspection Act (21 U.S.C. § 622 (1967)), Travel Act (18 U.S.C. § 1952 (1994)), and False Statement (18 U.S.C. § 1001 (1994)) statutes.[1] On November 5, 1997, the defendant filed several motions seeking to dismiss specific counts in the indictment, or alternatively, to strike certain portions of the indictment and for more information concerning specific allegations. In an Omnibus Opinion and Order issued on December 23, 1997, the court denied most of the defendant's motions which directly challenged the sufficiency of the counts in the indictment,[2] but granted in part the defendant's motions seeking to strike surplusage and for a bill of particulars. See Espy, 989 F.Supp. at 21.

Previously, this court presided over a related case captioned United States v. Sun-Diamond Growers of California, Cr. No. 96–193 RMU (D.D.C. filed June 13, 1996), which involved an agricultural cooperative's crimi-

---

1. A more complete exposition of the counts and facts is detailed in the court's previous omnibus opinion issued on December 23, 1997. See United States v. Espy, 989 F.Supp. 17, 21–26 (D.D.C. 1997), aff'd in part and rev'd in part, 145 F.3d 1369, 1998 WL 312146 (D.C.Cir.1998).

2. The court upheld the defendant's challenge to the sufficiency of counts 26–28 (Meat Inspection Act) and count 39 (False Statement Act). After the government brought an interlocutory appeal, the D.C. Circuit affirmed the dismissal of count 39, but reversed the dismissal of counts 26–28 and reinstated those charges. See United States v. Espy, 145 F.3d 1369, 1998 WL 312146 (D.C.Cir.1998).

nal liability for having bestowed things of value to the Secretary of Agriculture (defendant Espy). Central to the conviction in that case and later to defendant Sun–Diamond's appeal was this court's interpretation of the gratuity statute, 18 U.S.C. § 201(c)(1)(B). Throughout the case, this court held the gratuity counts could be sustained simply upon a finding that Sun–Diamond gave unauthorized compensation to defendant Espy for or because of his government position, regardless of whether or not he agreed to do any particular official act in return. *See United States v. Sun–Diamond*, 941 F.Supp. 1262, 1266–69 (D.D.C.1996). After reviewing several issues on appeal, including the gratuity conviction, the D.C. Circuit issued a decision on March 20, 1998. In *United States v. Sun–Diamond Growers of California*, 138 F.3d 961 (D.C.Cir.1998), the D.C. Circuit affirmed the convictions on the six wire fraud counts but reversed the conviction predicated on the gratuity offense because the "language of the charge [to the jury was] far broader than that of the statute." *See id.* at 966. Specifically, the D.C. Circuit stated the jury instructions "impermissibly allowed the jury to convict if it found that Sun Diamond gave Secretary Espy things of value merely in recognition of his official position, regardless of official acts that might have supplied the motivation." *See id.* at 965.

Similar to his prior motions, the defendant again seeks to challenge the sufficiency of the majority of charges in light of the *Sun–Diamond* decision.[3] The heart of the defendant's attack focuses on the indictment's failure to link any "concrete official acts" performed or to be performed in connection with the alleged gratuities. The defendant claims because the nexus between the alleged gratuities and an official act is a critical element of a gratuity offense, the failure to identify specific official acts in the indictment renders the gratuity counts fatally defective. Likewise, because the Mail and Wire Fraud, and Travel Act violations are largely premised on the existence of gratuity violations, the defendant claims those counts also cannot con-

stitute indictable offenses under their respective statutes.

Presently before the court are four new motions by the defendant seeking to (1) dismiss counts 1–7 and 9–12 for failure to state an offense of mail and wire fraud, or in the alternative, to strike all references to gratuities in those counts, (2) dismiss counts 13–25 for failure to state an offense under the gratuity statute, (3) dismiss counts 29–33 for failure to state an offense under the Travel Act, and (4) dismiss all the counts predicated on illegal gratuities, or in the alternative, for disclosure of grand jury transcripts. Also before the court is a motion filed by the government seeking reconsideration of this court's decision to strike the term "prohibited sources" from the indictment as surplusage. In striking the term "prohibited sources" as surplusage, the court agreed with the defendant that the term was a prejudicial reference to entities and persons with matters pending before the USDA. *See Espy*, 989 F.Supp. at 34–35.

Despite disagreeing as to the instructive nature of the circuit's interpretation of the gratuity statute in *Sun–Diamond*, both parties concede the opinion is dispositive to the present controversy. Accordingly, the court will address first the defendant's motion to dismiss the gratuity offenses (counts 13–25), and then the motions contesting the sufficiency of the remaining counts in the indictment. Finally, the court will conclude by addressing the merits of the government's reconsideration motion.

## II. Analysis

### A. Denying the Defendant's Motion to Dismiss Counts 13–25 (Gratuity Offenses)

The defendant seeks to dismiss the gratuity counts because the indictment fails to charge all the elements of the offense under the gratuity statute. The statute imposes criminal penalties upon a public official who "directly or indirectly demands, seeks, receives, accepts, or agrees to receive or

---

**3.** In denying the motions contesting the sufficiency of the majority of counts in the indictment, the court expressly permitted the defendant to refile

pending the D.C. Circuit's decision in *Sun Diamond*. *See Espy*, 989 F.Supp. at 21 n. 1.

**4**

accept anything of value personally for or because of any official act performed or to be performed by such official or person." 18 U.S.C. § 201(c)(1)(B). The defendant claims the "for or because of an official act" language in the statute requires the indictment to state concrete official acts in connection with the alleged gratuities the defendant received. The defendant argues the court in *Sun–Diamond* rejected any reading of the statute permitting guilt whenever gifts were bestowed merely in recognition of an official's position because the "for or because of an official act" requirement was an essential element of the statute. Thus, the defendant contends because a causal nexus must be demonstrated between the official acts and alleged gratuities, the indictment cannot dispense with describing the official acts for which the gratuities were given. The defendant asserts that without identifying specific official acts, the indictment fails to satisfy FED. R. CRIM. P. 7(c)(1) pleading requirements because it does not contain all the critical elements of the gratuity statute to give clear notice and sufficient evidentiary detail to prepare a defense. For the reasons stated below, the court disagrees. Before determining the sufficiency of the counts under FED. R. CRIM. P. 7(c)(1) pleading requirements, however, the court will first address the defendant's contention that specification of official acts is an essential element of a gratuity offense and thus necessary in the indictment.

While correct in asserting a gratuity motivated solely by the official's position is not unlawful, the ·defendant incorrectly argues that concrete gifts must be specifically identified in the indictment to state an adequate charge under the gratuity statute. Recently in *Sun–Diamond* the D.C. circuit examined the gratuities provision which imposes crimi-

nal penalties for persons who furnish illegal gratuities to public officials, 18 U.S.C. § 201(c)(1)(A).[4] In reversing this court's interpretation of the same provision, the circuit court clarified the meaning of the phrase "for or because of any official act." The D.C. circuit reasoned the gratuity conviction could not be sustained on a finding that things of value were furnished merely in recognition of the public official's position because such an interpretation reads the "official act" language out of the provision. *See Sun–Diamond,* 138 F.3d at 966. Simply put, the gratuity provision required a greater degree of intent because the statute did not forbid gratuities "for or because of the public official's position." Moreover, the court focused on the phrase "for or because of an official act" to highlight the incorrect assumption that the lack of reciprocal *quid pro quo* in the gratuity provision (as compared to the bribery provision) completely dispensed with an intent element in those terms. *See id.* at 968. The court held that in order to satisfy the intent element embodied in the phrase "for or because of an official act," "the giver must intend to reward some past concrete official act or acts, or to enhance the likelihood of some future act or acts." *Id.* at 966. At no point in the opinion did the court interpret those terms, as the defendant contends, to mean specification of concrete official acts is an essential element of the gratuity offense.

This conclusion is further supported by this circuit's previous encounters with the gratuity statute in both *United States v. Brewster,*[5] 506 F.2d 62 (D.C.Cir.1974) and *United States v. Campbell,*[6] 684 F.2d 141 (D.C.Cir.1982). In *Brewster* and *Campbell,* when construing the term "for or because of an official act" the court interpreted the gra-

---

4. Section 201(c)(1)(A) prohibits persons from "directly or indirectly giv[ing], offer[ing], or promis[ing] anything of value to any public official ... for or because of any official act performed or to be performed by such public official."

   Although the Court of Appeals interpreted the intent element for donors in § 201(c)(1)(A), the intent element is precisely the same for donees under § 201(c)(1)(B), *See Sun–Diamond,* 138 F.3d at 966 n. 2.

5. In *Brewster,* the court reversed a former U.S. Senator's gratuity conviction because the trial court failed to distinguish intelligibly for the jury the distinction between an illegal gratuity and innocent campaign contributions.

6. In *Campbell,* the court affirmed the gratuity convictions of a D.C. Superior Court judge who suspended sentence for 90% of 1,138 tickets issued to a trucking firm which at one time provided him with free moving services.

tuity provision consistently with the statutory definition of "official act." Section 201(a)(3) defines "official act" as "any decision or action on any question, matter, cause, suit, proceeding or controversy, which at any time be pending, or *which may be law be brought* before any public official ..." (emphasis added). The court in *Brewster* construed the intent requirement in the phrase "for or because of an official act" when comparing the intent elements under the gratuity and bribery provisions of the statute. It stated that whereas a bribery offense "makes necessary an explicit quid pro quo," an illegal gratuity and the official act need not each motivate the other. 138 F.3d at 966 (quoting *Brewster*, 506 F.2d at 72). Years later the court reaffirmed this interpretation in *Campbell* by rejecting the view that a jury needed to find a gratuity was conferred with specific knowledge of a definite action for which the compensation was intended before convicting the defendant on a gratuity offense. *See id.* at 969 (summarizing prior interpretation of gratuity provision in *Campbell*). Rather, the court in *Campbell* held that a public official with an abundance of relevant matters before him is not insulated from the gratuity statute—"as long as the jury is required to find the requisite intent to reward past favorable acts or to make future ones more likely." *Id.* In sum, neither case supports construing the phrase "for or because of an official act" as requiring an indictment to identify specific official acts for which the gratuities were received.

Contrary to the defendant's argument, the *Sun–Diamond* court's rejection of a "status" gratuity theory of guilt under § 201(c)(1)(A) does not lead to the conclusion that concrete official acts must now be specified in the indictment. Neither the decision in *Sun–Diamond* nor the earlier decisions in *Brewster* and *Campbell* interpreted the "for or because of an official act" phrase as embodying anything more than just the intent to " 'reward' an official for an act taken in the past or to be taken in the future." *Id.* at 966. This conclusion is further supported when considered in light of the goal of the gratuity statute—preventing the potential undermining of official integrity. *See United States v. Sawyer*, 85 F.3d 713, 735–36 (1st Cir.1996)

(construing purpose of almost identical state gratuity statute). The danger in an illegal gratuity is not because of its potential effect on a public official's position, but rather its ability to affect and taint the performance of a public official's duties. *Id.* Under this interpretation the gratuity statute focuses on the official's ability to perform his public duties, i.e., "official acts," and on the precise reason why acts which seek to corrupt an official's integrity are forbidden. Interpreting the phrase "for or because of an official act" to mean only requiring proof of the intent to reward past acts or the likelihood of future ones is fully consistent with enforcing this prohibition. Any further requirement, therefore, calling for the specification in the indictment of concrete official acts for which the gratuities were given is not required under the statute.

Having interpreted the phrase "for or because of official acts," the court moves on to determine the sufficiency of the gratuity counts under Federal Rule of Criminal Procedure 7(c). Rule 7(c) requires an indictment to state the essential facts constituting the charged offense so an accused may prepare his defense. *See Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Debrow*, 346 U.S. 374, 377–78, 74 S.Ct. 113, 98 L.Ed. 92 (1953). The purpose of this pleading requirement is to enable the accused to plead to an acquittal or conviction in bar of future prosecutions for the same offense. *See Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). The gratuity charges (counts 13–25) satisfy these requirements. The indictment not only tracks the statutory language of the gratuity statute, 18 U.S.C. § 201(c)(1)(B), but also gives sufficient factual detail so as to notify the defendant adequately of the nature of the charges. *See* Indictment ¶¶ 1–14, 20. By incorporating the background paragraphs of the indictment, the gratuity counts set forth (1) which USDA regulated entities or persons furnished gifts to the defendant "for or because of an official act," (2) a description of every gift each USDA regulated entity or person gave the defendant, and (3) the dates of receipt and value of each gift. *See*

Indictment ¶¶ 8, 9, 20. Under the applicable standards, the indictment fairly informs with reasonable certainty the nature of the accusations and all the elements necessary constituting the charged offense so that the defendant is aware of what charges he must meet and may plead an acquittal or conviction in bar of future prosecutions. *See Russell* 369 U.S. at 763, 82 S.Ct. 1038.

### B. Denying the Defendant's Motion to Dismiss Counts 1–7 & 9–12 (Mail and Wire Fraud), or in the Alternative, to Strike All References to Gratuities in Those Counts

■ Eleven counts in the indictment charge the defendant with mail and wire fraud because he allegedly used the mails and wires to execute a scheme to defraud, among others, the United States and its citizens of their intangible right to honest services.[7] *See* Indictment ¶¶ 15–18. Before the circuit's decision in *Sun–Diamond* this court upheld the sufficiency of these charges. *See Espy*, 989 F.Supp. at 25–30. In doing so, this court rejected the defendant's contention that the indictment needed to state that he engaged in an official act for the alleged gratuities or otherwise failed to render honest services when he served as Secretary of the USDA. *See id.* Based on the circuit court's decision in *Sun–Diamond*, the defendant now claims these counts are no longer tenable because this court incorrectly assumed the sufficiency of an "honest services" fraud offense premised on a gratuity violation could be adequate without specification of official acts in the indictment. Thus, the defendant claims that because the sufficiency of the "honest services" fraud charges hinged on the incorrect interpretation of the gratuity statute, those charges must be dismissed for failure to support properly the gratuity charges upon which they were based. The court disagrees.

The defendant incorrectly characterizes the court's prior ruling upholding the sufficiency of the "honest services" fraud charges as a decision based largely on whether the defendant violated the gratuity statute. Notwithstanding the court's decision upholding the sufficiency of the gratuity counts above, all contentions attacking the sufficiency of the "honest services" fraud charges on the basis that they are premised on an incorrect interpretation of the gratuity statute are misplaced. In upholding these counts this court viewed as a whole all allegations related to the defendant's scheme to defraud the United States and its citizens of their intangible right to honest services. When determining the sufficiency of the "honest services" counts this court did not exclusively focus on any particular act, but instead, on the overall series of acts in the defendant's alleged fraudulent scheme. This court reasoned, in part, that a public official who solicited gifts from entities over which he held decision-making discretion and later concealed receipt of those gifts, exhibited elements of dishonesty sufficient to support a charge he breached a fiduciary duty owed to the United States and its citizens. *See Espy*, 989 F.Supp. at 26–27 (citing cases). Here, the acts concealing receipt of such gifts included the defendant's alleged (1) failure to disclose receipt of gifts from entities and persons regulated by the USDA on his Public Financial Disclosure report, SF–278, as required by the Ethics in Government Act, and (2) misrepresentation of facts to federal investigators concerning their receipt. Because the apparent conflict of interest in the non-disclosure and misrepresentation breached the defendant's fiduciary duty, it deprived the United States and its citizens a of legally significant benefit, namely the right to the defendant's honest services as Secretary of the USDA. *See id.; see also United States v. DeFries*, 129 F.3d 1293, 1305–06 (D.C.Cir.1997) (stating breaches of fiduciary duty are criminally fraudulent only when "accompanied by a misrepresentation or non-disclosure that is intended or is contemplated to deprive the person to whom the

---

7. 18 U.S.C. § 1343 provides in pertinent part:
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises ... [uses the mails or wires, or causes their use] for the purpose of executing such scheme or artifice ... [shall be punished].
18 U.S.C § 1346 defines the term "scheme or artifice" to include a scheme or artifice to deprive another of their intangible right to honest services.

duty is owed of some legally significant benefit") (citing and quoting *United States v. Lemire*, 720 F.2d 1327, 1335 (D.C.Cir.1983)). Thus, this court concluded the allegations in the indictment, when viewed as a whole, sufficiently stated a fraudulent scheme to support of an "honest services" fraud offense.

In the alternative, the defendant moves pursuant to Federal Rule of Criminal Procedure 7(d) to strike all references to gratuities in the mail and wire fraud counts because after *Sun–Diamond,* the gratuity allegations no longer assert the type of dishonest conduct necessary to sustain an "honest services" fraud offense under those statutes. Even apart from the decision upholding the sufficiency of the gratuity counts, the court concludes the contested language is relevant to the "honest services" fraud charges and therefore will not strike those terms from the counts. *See United States v. Jordan,* 626 F.2d 928, 930 n. 1 (D.C.Cir.1980) (finding the standard under Rule 7(d) has been strictly construed against striking surplusage); *see also* 1 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 127 (2d ed. 1982) ("[A] motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and inflammatory and prejudicial."). As stated above, the gratuity allegations are related to the defendant's scheme to defraud. Such allegations not only put in context the full scope of the defendant's activities, but also provide the jury information on issues of intent and motivation. Accordingly, the court denies the defendant's motion to strike all references to gratuities in the mail and wire fraud counts.

## C. Denying the Defendant's Motion to Dismiss Counts 29—33 (Travel Act)

Next, the defendant seeks to dismiss counts 29 to 33 of the indictment for alleged

Travel Act offenses under 18 U.S.C. § 1952. To state an offense under the Travel Act, the government must allege (1) interstate travel or use of a facility in commerce (2) with the intent to promote an unlawful activity and (3) that the defendant thereafter performed or attempted to perform or facilitated the performance of an overt act in furtherance of the unlawful activity. *See United States v. Childress,* 58 F.3d 693, 719 (D.C.Cir.1995) (citations omitted).[8] "Unlawful activity" includes "extortion, bribery or arson in violation of the laws of the State in which they are committed or of the United States..." 18 U.S.C. § 1952(b). The defendant argues these counts are insufficient because neither the gratuity nor the Meat Inspection Act violations constitute an unlawful activity (bribery) within the meaning of the Travel Act. Specifically, because "bribery"[9] requires an explicit nexus between a gift and an official act, the defendant asserts both the gratuity and the Meat Inspection Act charges fail to qualify as "bribery" within the meaning of the statute. The defendant bases this assertion on the fact neither of the counts identify concrete official acts for which the gifts were given. Although the court agrees that Meat Inspection Act violations do not satisfy the bribery component of the Travel Act, counts 29 to 33 will not be dismissed because the gratuity offenses in the indictment do constitute "bribery" within the meaning of the statute.

As an initial matter, the court disagrees with the defendant's contention that the bribery component is limited to the specific crime of bribery as defined in 18 U.S.C. § 201(c). The Supreme Court faced a similar issue in *Perrin v. United States,* 444 U.S. 37, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979), when the petitioner sought to reverse his conviction under the Travel Act by arguing

---

8. The Travel Act provides, in pertinent part:
Whoever travels in interstate or foreign commerce ... with intent to ... (3) promote, manage establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform any of the acts specified in subparagraph [] ... (3) shall be fined under this title, imprisoned not more than 5 years, or both.

18 U.S.C. § 1952.

9. The bribery provision imposes criminal penalties upon "[w]hoever—being a public official directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally in return for ... (A) being influenced in the performance of an official act". 18 U.S.C. § 201(b)(2).

that Congress intended "bribery" to be restricted to its common law definition, i.e., bribery of a public official, and not Louisiana's state commercial bribery statute under which he was prosecuted. *See id.* at 41, 100 S.Ct. 311. In affirming the conviction the Supreme Court rejected the petitioner's argument and held that Congress intended to use "bribery" in its generic and contemporary meaning within the Travel Act. *See id.* at 49, 100 S.Ct. 311. Despite construing an expansive definition for "bribery" the Supreme Court did not make clear whether all other crimes listed under the bribery statute, 18 U.S.C. § 201, including the gratuity provision also satisfied the bribery component of the Travel Act. In construing the purpose of the bribery component of the Travel Act, however, this court concludes the gratuity provision as interpreted in *Sun–Diamond* can serve as a predicate crime of bribery under the Travel Act.

In contrast to an illegal gratuity which only requires proof that the thing of value was given with the intent to reward an official for an act taken in the past or to be taken in the future, a bribery offense's higher requisite intent element calls for "an explicit quid pro quo" between the thing of value to be received and the official act. *See Sun–Diamond*, 138 F.3d at 966 (citation and internal quotation marks omitted). Although both offenses are distinct with differing *mens rea* requirements, for the purposes of the Travel Act there is little reason to make distinctions between them in instances when both are used to prevent acts which undermine official integrity. *See United States v. Biaggi*, 674 F.Supp. 86, 89 (E.D.N.Y.1987), *aff'd, United States v. Biaggi*, 853 F.2d 89 (2d Cir.1988) (stating the policy and purpose behind bribery's "corrupt intent to influence" and gratuity's "for or because of" elements are not substantially different within the meaning of the Travel Act). Specifically, when used in the context of preventing acts intended to influence a public official's conduct for preferential treatment, the gratuity provision is consistent with the purpose of the bribery component under the Travel Act. *See id.* at 89 (stating a gratuity does not inflict a lesser evil on society than a bribe because "there is still a tendency ... to

provide preferential treatment ... of the donor by the donee ...") (citing *United States v. Evans*, 572 F.2d 455, 480 (5th Cir.1978)). In these circumstances, both bribery and gratuity offenses attempt to prevent the same "evil of allowing citizens with money to buy better public service than those without money." *Id.* at 89.

As set forth in *Sun–Diamond*, the gratuity provision's "for or because of an official act" requirement makes unlawful only those gifts given with the intent to reward or influence a public official's conduct. *See* 138 F.3d at 966. The gratuity provision does not make unlawful gifts given only with the purpose of gaining "generalized sympathy" or to "induce warm feelings" from a public official because such conduct is not adequately distinguishable from conduct that is lawful. *See Brewster*, 506 F.2d at 81–82 (stating gifts furnished without the intent to influence public official's conduct fails to qualify as gratuity because not adequately distinguishable from innocent conduct of giving legal campaign contributions); *see also Sawyer*, 85 F.3d at 741 (stating bribery component of Travel Act satisfied when gift is intended to influence recipient's official acts, but not when only intended to cultivate business or political friendship). Therefore, when a thing of value is given to a public official with the intent to alter "official acts," the gratuity provision can serve as the predicate crime of bribery under the Travel Act. Thus, counts 29 to 33 have properly stated all the elements of the offense under the Travel Act. These counts state, in part, the defendant traveled in interstate commerce with the intent to carry on the unlawful activity of accepting unlawful things of value in violation of 18 U.S.C. § 201(c). *See* Indictment ¶ 24. The counts also satisfy FED. R. CRIM. P. 7(c) pleading requirements by providing the defendant with (1) the date each gift was received, (2) between which points of travel the defendant received each gift, and (3) a description of each gift. *See id.*

In contrast to a gratuity offense, a Meat Inspection Act violation cannot serve as a predicate crime of bribery for the purposes

of the Travel Act. The Meat Inspection Act imposes criminal penalties upon any,

> [meat] inspector ... or employee of the United States authorized to perform any of the duties prescribed by this subchapter ... who shall receive or accept from any person, firm, or corporation engaged in commerce any gift, money or other thing of value, *given with any purpose or intent whatsoever* ... (emphasis added). 21 U.S.C. § 622.

As stated above, all crimes satisfying the bribery component must have at least a similar intent element embodied in the bribery component of the Travel Act. The Meat Inspection Act makes clear, however, that criminal liability under the statute is determined irrespective of why the public official received the gift. The statute does not distinguish between gifts given with the intent to influence "official acts" and ones without similar motivations. Without a requirement demonstrating that the gift was indeed given to the public official to influence his conduct, violations under the Meat Inspection Act cannot serve as a predicate crime of "bribery" within the meaning of the Travel Act.

### D. Denying the Defendant's Motion to Dismiss All Counts Predicated on Gratuities, or in the Alternative, for Disclosure of Grand Jury Transcripts

Finally, the defendant moves for an order dismissing all counts predicated on the gratuity charges because the government allegedly gave the grand jury erroneous instructions as to the elements of the offense under 18 U.S.C. § 201(c)(1)(B). Specifically, because the government prosecuted under a "status" gratuity theory of liability subsequently rejected in *Sun–Diamond*, the defendant claims he was seriously prejudiced by the grand jury impermissibly assuming it could indict him for offenses predicated on receiving illegal gratuities. Again, the defendant claims the failure to cite "official acts" for which the gratuities were given in the indictment not only supports the insufficiency of all counts predicated on the receipt of illegal gratuities, but also demonstrates the grand jury was given erroneous instructions as to the elements of such offenses. In the alter-

native, the defendant moves pursuant to Federal Rule of Criminal Procedure 6(e)(3)(c)(iii) for an order disclosing the grand jury transcripts relating to the instructions to verify if the grand jury was given incorrect instructions. For the reasons stated herein the court will neither dismiss all counts predicated on gratuity violations nor order the disclosure of grand jury transcripts.

In determining whether to dismiss an indictment for errors in grand jury proceedings, a court must assess if the alleged violation " 'substantially influenced the grand jury's decision to indict,' or if there [was] 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States,* 487 U.S. 250, 256, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) (quoting *United States v. Mechanik,* 475 U.S. 66, 78, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)) (applying FED. R. CRIM. P. 52(a) "harmless error" standard where dismissal sought for nonconstitutional error). Dismissal in these circumstances is warranted only when prosecutorial misconduct significantly infringes on the grand jury's ability to render an independent judgment. *See id.* at 255–256, 108 S.Ct. 2369; *see also United States v. Larrazolo,* 869 F.2d 1354, 1358 (9th Cir.1989). Before invoking this power, however, a court must find the alleged prosecutorial misconduct actually prejudiced the defendant. Absent proof the misconduct "substantially influenced the grand jury's decision to indict," a dismissal is not warranted. *See Nova Scotia,* 487 U.S. at 256, 108 S.Ct. 2369.

Here, dismissal is not warranted because the defendant was not actually prejudiced by any alleged misconduct. The defendant's sole justification for dismissal incorrectly assumes a valid gratuity charge requires the specification of concrete official acts in the indictment. As stated before, no such requirement exists. Additionally, the defendant incorrectly assumes erroneous grand jury instructions automatically invalidate an otherwise proper grand jury indictment. *See United States v. Larrazolo,* 869 F.2d 1354, 1359 (9th Cir.1989) (citations omitted). The defendant still must demonstrate the erroneous instructions created "grave doubt" that

the decision to indict was free from the substantial influence of such violations. The defendant has failed to do so. All the contested counts in the indictment meet the pleading standards of Rule 7(c) of the Federal Rules of Criminal Procedure because each one tracks the statutory language of the relevant statute and provides sufficient factual detail to inform the defendant on the nature of the accusations against him. Furthermore, because the indictment is measured on the basis of whether the charged offense provides the defendant adequate notice of the acts he allegedly committed, "an indictment returned by a legally constituted and unbiased grand jury ... if valid on its face, is sufficient to call for trial on the merits." *See Costello v. United States*, 350 U.S. 359, 362, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

██ For similar reasons, the court also denies the defendant's alternative request to disclose the grand jury transcripts related to the instructions on the gratuity offenses and related charges. Federal Rule of Criminal Procedure 6(e)(3)(C)(ii) permits disclosure of grand jury minutes "at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Because of the "long-established policy that maintains the secrecy of the grand jury proceedings in federal courts," *United States v. Procter & Gamble*, 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), the defendant must demonstrate a "particularized need" for the specified portions of the grand jury transcript before disclosure is made. *See Dennis v. United States*, 384 U.S. 855, 870, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *United States v. Oakar*, 924 F.Supp. 232, 246 (D.D.C.1996), *aff'd in part and rev'd in part*, 111 F.3d 146 (D.C.Cir.1997). Here, the defendant has not demonstrated that any sufficiently persuasive grounds for a motion to dismiss the indictment exist. Failure to instruct the grand jury on facts deemed not essential elements under the gratuity provision does not constitute grounds for disclosure of the grand jury minutes. Moreover, the facially valid indictment undermines any "particularized need" the alleged grand jury instructions demonstrate for disclosure of the grand jury transcripts. Accordingly, the court denies the defendant's motion for disclosure of grand jury transcripts.

**E. Denying the Government's Motion for Reconsideration of the Court's Order to Strike the Term "Prohibited Source" as Surplusage.**

██ The government moves for reconsideration of this court's decision to strike the term "prohibited source" from the indictment.[10] The term "prohibited source" describes individuals, firms or entities from which the defendant allegedly received illegal gratuities. *See* Indictment ¶ 6. The government claims the court should reinstate the term mainly for three reasons. First, the government claims that the term "prohibited source" is a term of art used in the Executive branch's manual on Standards of Ethical Conduct for Employees of the Executive Branch. Second, the defendant used the term when he was the Secretary of Agriculture. Finally, the government claims that the term is the most clear and informative way to describe individuals and entities that gave illegal gratuities to the defendant. The court has previously considered similar arguments and rejected them in its earlier Omnibus Opinion and Order. *See Espy*, 989 F.Supp. at 37.

When the court previously granted the defendant's motion to strike the term "prohibited source" from the indictment it was cognizant that a motion to strike should be infrequently granted, and that the court should only strike irrelevant and prejudicial language. *Espy*, 989 F.Supp. at 37; *see also United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C.Cir.1998). The court, however, was concerned with the term's inflammatory and prejudicial value and specifically held that "the term 'prohibited source' does not provide additional insight into the charges against the defendant, but in only serve[d] to suggest to the jury that the defendant's alleged receipt of gratuities from these entities

---

10. Although there is a dispute on the timeliness of the government's motion for reconsideration, because the court holds that the motion lacks merit it need not address the timeliness issue.

constitute[d] criminal conduct before he has an opportunity to defend himself." *Espy,* 989 F.Supp. at 37. The court also suggested that the parties devise a more neutral term in its substitution. *See id.*

In this instance, the government's renewed contentions do not pacify the court's continuing concern of the term's potential inflammatory and prejudicial meaning. Indeed, it is completely irrelevant that the Executive branch and the defendant himself had employed the term. The defendant is not under indictment for violating the manual. Rather, he is charged with violating a federal gratuity statute, 18 U.S.C. § 201(c)(1)(B). The fact that the Executive branch and the defendant used the term does not lessen its potential prejudicial value in the eyes of the jurors. The adjective "prohibited" imputes criminality on the part of the defendant prior to having any opportunity to present evidence to the contrary. Accordingly, without more, the court rejects the government's assertions.

The government finally argues that "the term 'prohibited source' is the most clear and informative way to describe the individuals and entities who gave unlawful gratuities" to the defendant. This argument is similarly unpersuasive. The term "prohibited source" is not the most informative description but rather it is misleading. Other more neutral terms such as "interested parties" or "interested entities" are equally informative but lack the inflammatory implication in describing the individuals or firms that allegedly gave the defendant illegal gratuities. The court therefore rejects this contention and denies the government's motion for reconsideration.

### III. Conclusion

For the reasons stated in this Memorandum Opinion it is this 28th day of August 1998,

**ORDERED** that the defendant's Motion to Dismiss Counts 1–7 and 9–12 of the Indictment for Failure to State an Offense of Mail or Wire Fraud, or in the Alternative, to Strike All References to Gratuities in Counts 1–7 and 9–12 be and is hereby **DENIED**; it is

**FURTHER ORDERED** that the defendant's Motion to Dismiss Counts 13–25 of the Indictment for Failure to State an Offense be and is hereby **DENIED**; it is

**ORDERED** that the defendant's Motion to Dismiss Counts 29–33 of the Indictment for Failure to State an Offense Under the Travel Act be and is hereby **DENIED**; it is

**FURTHER ORDERED** that the defendant's Motion to Dismiss All Counts Predicated on Illegal Gratuities, or in the Alternative, for Disclosure of Grand Jury Transcripts be and is hereby **DENIED**; and it is

**ORDERED** that the government's Motion for Reconsideration of the Court's Order to Strike the Term "Prohibited Source" as Surplusage be and is hereby **DENIED**.

**SO ORDERED.**