892 F.2d 1044
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard WILLIAMS, Jr., Defendant-Appellant.
 No. 89-3720.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1990.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and RALPH B. GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Challenging the constitutionality of the regulation under which he was convicted as well as the sufficiency of his notice of violation and the evidence against him, defendant-appellant Richard Williams, Jr. appeals his conviction for disorderly conduct in violation of 38 C.F.R. § 1.218(b)(11) (1988). For the reasons which follow, we affirm.
 
 I.
 
 2
 On August 6, 1988, Williams was employed as a police officer for the Veterans Administration Wade Park Medical Center ("VA hospital") in Cleveland, Ohio. The evidence reveals that on this date Williams had a confrontation with Sergeant Kenneth Henderson, a supervisor of one of the security shifts at the VA hospital. The argument, which began in Henderson's office, apparently had to do with Henderson's failure to approve leave for Williams on a particular day. Also present in Henderson's office at the time of the confrontation was Michael Belak, another VA hospital officer. While the government contends that Williams shoved Sergeant Henderson, the district court found that "apparently no blows were struck." J.App. at 12. Sergeant Henderson testified that while in his office Williams said to him " 'I'm going to fuck you up tonight. I'm going to fuck you up before you go home.' " Id. at 27. Williams eventually left Sergeant Henderson's office, but the confrontation later recommenced in the emergency room admitting area. Officer Belak testified that Williams loudly directed "[a] few curse words" at Sergeant Henderson. Id. at 35. Belak also testified that one physician working in the admitting area asked if she could leave the area because she was frightened by Williams' conduct. Id. at 36. Police eventually came to the scene, and Williams voluntarily left the area with them. Williams was subsequently charged with disorderly conduct in violation of 38 C.F.R. § 1.218(b)(11). Williams consented to have this misdemeanor charge tried before a magistrate. Upon conclusion of a trial before United States Magistrate Joseph Bartunek, Williams was fined $250.00 and assessed court costs of $25.00. The fine and assessment were suspended pending Williams' good behavior for six months. Williams appealed the magistrate's conviction and sentencing to the district court. The magistrate's judgment was affirmed on July 18, 1989.
 
 II.
 
 3
 Williams contends that 38 C.F.R. § 1.218(a)(5) and its "schedule of offenses and penalties," § 1.218(b)(11), violate the due process clause of the Fifth Amendment to the United States Constitution because they are so vague that they fail to reasonably apprise a citizen of the conduct they seek prohibit and because they vest in VA hospital police an uncircumscribed discretion to determine whether the regulations have been violated. In relevant part, 38 C.F.R. § 1.218(a)(5) and (b)(11) provide:
 
 
 4
 (a) Pursuant to 38 U.S.C. 218, the following rules and regulations apply at all property under the charge and control of the VA....
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 (5) Disturbances. Conduct on property which creates loud or unusual noise; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services in a timely manner; or the use of loud, abusive, or otherwise improper language ... is prohibited.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (b) Schedule of Offenses and Penalties. Conduct in violation of the rules and regulations set forth in paragraph (a) of this section subjects an offender to arrest and removal.
 
 
 11
 (11) Disorderly conduct which creates loud, boisterous, and unusual noise, or which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tend to impede or prevent the normal operation of a service or operation of the facility, $250.
 
 
 12
 In determining whether a statute is void for vagueness under the Constitution, we inquire as to whether a person of average acumen could comprehend what conduct is prohibited by the statute. Connally v. General Construction Co., 269 U.S. 385, 391 (1926). Furthermore, a statute will be held void for vagueness if it "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc basis...." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). We do not find that 38 C.F.R. §§ 1.218(a)(5) and (b)(11) violate either of the foregoing criteria. The regulations warn a citizen against "loud, boisterous, and unusual noise" and against any behavior which is otherwise disruptive to the VA hospital's normal functioning. While the regulations could further particularize the conduct they seek to prohibit, imposing such a burden on the regulations' drafters would make impossible the task of writing criminal statutes broad enough to encompass a panoply of conduct and specific enough to fairly apprise citizens of what behavior is unlawful. See Colten v. Kentucky, 407 U.S. 104, 110 (1972). Williams attempts to analogize the regulations at issue in the case at bar with a ordinance declared unconstitutionally vague in Coates v. City of Cincinnati, 402 U.S. 611 (1971). In Coates, the Supreme Court struck down an ordinance which made it a criminal offense for " 'three or more persons to assemble ... on any of the sidewalks ... and there conduct themselves in a manner annoying to persons passing by....' " (quoting § 901-L6, Code of Ordinances of the City of Cincinnati (1956)). The Court declared the statute void for vagueness because it specified no standard of conduct by which to measure the prohibited behavior. Id. at 614. In the case at bar, however, the controlling standard of conduct is reasonably clear: if the conduct would tend to disturb the routine operations of a VA hospital, such conduct is prohibited. We hold that the regulations are not void for vagueness.
 
 
 13
 Williams next argues that the notice of violation filed against him failed to charge an offense because he was charged under the "schedule of offenses and penalties" portion of the regulation, § 1.218(b)(11), rather than the substantive offense section of the regulation, § 1.218(a)(5). He further argues that the statement of "probable cause" contained in the notice of violation did not describe conduct which is prohibited by § 1.218(a)(5). Williams could only be tried for the offenses for which he was specifically charged in the notice of violation. See Stirone v. United States, 361 U.S. 212, 217 (1960). Although as a technical matter, Williams was charged under the penalty section of the regulation in question rather than the substantive offense section, the language of the penalty section is similar to that of the substantive offense section and both sections explicitly prohibit the conduct for which Williams was convicted. Thus, we cannot say that because the government failed to charge Williams under the substantive offense section, Williams was not charged with a convictable offense.
 
 
 14
 The probable cause statement contained in the notice of violation charged Williams with the following conduct:
 
 
 15
 VA Police officer Richard Williams Jr. did voluntarily in the presence of a fellow police officer and medical center employees engaged in conduct which created alarm, annoyance to persons using the facility. He created a condition which presented a risk of physical harm to himself and others.
 
 
 16
 J.App. at 3. Williams contends that the foregoing statement does not describe a violation of §§ 1.218(a)(5) and (b)(11). We disagree. An indictment must delineate the elements of an offense and adequately inform the defendant of the allegations he must be prepared to defend against at trial. United States v. Debrow, 346 U.S. 374, 376 (1953); Fed.R.Crim.P. 7(c)(1). Because it is clear that conduct which creates "alarm," "annoyance," and "risk of physical harm" is "disorderly conduct" within the meaning of § 1.218(b)(11), we hold that the notice of violation does state a violation of § 1.218(b)(11). We further conclude that Williams was adequately apprised of the allegations which he would have to refute at trial.
 
 
 17
 Finally, Williams contends that the evidence presented at trial was insufficient to find him guilty beyond a reasonable doubt. In evaluating the district court's refusal to find insufficient evidence to convict, we do not sit as a trier of fact in a de novo trial. See United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985). Rather, we view the evidence from a perspective most favorable to the prosecution and let the verdict stand if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Id. In addition to the testimony of Officer Belak, William Cummings, an administrative assistant, and Betty Biddlestone, a nurse, testified that they were in the admitting area at the time of the alleged continuation of the confrontation between Sergeant Henderson and Williams. Cummings testified to hearing profanities uttered by Williams, and Biddlestone stated that Williams was "being loud" while in the admitting area. J.App. at 39, 49. Although Williams' contention that his conduct did not agitate patients in the admitting area is supported by Cummings and Biddlestone's testimony, there is other conduct charged in the violation notice for which Williams could be found guilty. Thus, evidence of Williams' physical threats to Sergeant Henderson as well as evidence that his confrontation with Sergeant Henderson distracted medical personnel from their duties is sufficient to find Williams guilty of disorderly conduct beyond a reasonable doubt. We therefore affirm the district court's determination that the evidence against Williams was sufficient to convict him.
 
 III.
 
 18
 For the foregoing reasons, Williams' conviction and sentence are AFFIRMED.