**UNITED STATES of America, Appellee**

v.

**Melvin R. FENTRESS, Appellant**

**No. CR.A. CCB–02–093.**

United States District Court, D. Maryland.

Jan. 13, 2003.

---

Thomas M. DiBiagio, Lisa M. Griffin, Office of the United States Attorney, Baltimore, MD, for U.S.

Joseph B. Tetrault, Prisoner Rights Information System of Maryland Inc., Chestertown, MD, for Melvin R. Fentress.

### MEMORANDUM

BLAKE, District Judge.

On November 27, 2001, Melvin R. Fentress was convicted after a bench trial before United States Magistrate Judge Beth Gesner for disorderly conduct at a Veterans' Administration ("VA") facility in violation of 38 C.F.R. § 1.218(b)(11). At sentencing on March 4, 2002, United States District Judge William M. Nickerson sentenced Fentress to three years of supervised probation, with substance abuse treatment and mental health counseling, and ordered him to pay a $100 fine as well as a mandatory $10 special assessment.

Fentress appeals his conviction arguing that the court impermissibly convicted him of violating a penalty provision instead of the substantive offense itself. He also argues that the VA regulation is unconstitutional because it is void for vagueness and that it unconstitutionally infringes on First Amendment free speech rights. This matter has been fully briefed and no hearing is necessary. See Local Rule 105.6. For the reasons stated below, the court will deny the defendant's appeal.

In reviewing a conviction entered by a Magistrate Judge, the district court reviews conclusions of law *de novo* and findings of fact only for clear error. *United States v. Orme*, 851 F.Supp. 708, 709 (D.Md.1994). The Supreme Court considers a finding of fact "clearly erroneous" only "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746, (1948)).

### Factual Background

According to government witnesses, on July 16, 2001, Fentress became involved in an altercation at the VA Medical Center during which he screamed the expletives "motherfucking white bitch" and "white bitch" several times at a nurse in the emergency room. (Appellant's Br. Ex. C at 7.) When a VA police officer approached Fentress and ordered him to lower his voice and stop cursing, he ignored the order. (*Id.* at 21.) After Fentress ignored the same orders from a back-up police officer, he was handcuffed and taken to police operations. (*Id.* at 22.) There, the arresting officer cited Fentress for violating 38 CFR § 1.218(b)(11), noting that he engaged in "disorderly conduct which creates loud, boisterous and unusual noise, which tends to impede or prevent normal operation of the facility." After a bench trial, Judge Gesner found the government witnesses "fully credible," and Fentress's version "incredible." (*Id.* at 68). Despite minor inconsistencies in the testimony of a government witness, no er-

ror, much less clear error, has been shown in the judge's factual determinations.

*Defendant's Arguments*

Fentress argues that his conviction must be overturned because he was charged under a section of the CFR which does not create a substantive offense, the section he was charged under is too vague to give constitutionally adequate notice, and it is overbroad such that it chills constitutionally protected speech. For the reasons stated below, each argument will be rejected.

*No substantive offense*

█ Fentress first argues that § 1.218(a)(5) creates the prohibited forms of conduct and that he was improperly charged with violating its corresponding penalty provision, § 1.218(b)(11). (Appellant Br. at 8.) Fentress also points to the inconsistencies between the language of (a)(5) and (b)(11) as proof that the latter is merely a penalty provision under which one cannot be charged.

Section 1.218(a) is entitled "[a]uthority and rules of conduct." Its fifth provision states:

(5) Disturbances. Conduct on property which creates loud or unusual noise; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services provided on the property in a timely manner; or the use of loud, abusive or otherwise improper language;

or unwarranted loitering, sleeping, or assembly is prohibited.

38 C.F.R. § 1.218(a)(5).

Section 1.218(b) is entitled "[s]chedule of offenses and penalties." It states in part that "violations included in the schedule of offenses and penalties may also subject an offender to a term of imprisonment ...." Its eleventh provision states:

(11) Disorderly conduct which creates loud, boisterous, and unusual noise, or which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tends to impede or prevent the normal operation of service or operation of the facility, $250.

38 C.F.R. § 1.218(b)(11).

█ Judge Gesner concluded that the arresting officer's citation to (b)(11) rather than to (a)(5) does not invalidate the conviction. Her ruling is supported by an unpublished Sixth Circuit case responding to an identical argument with respect to 38 CFR § 1.218(b)(11). *See United States v. Williams*, No. 89–3720, 1990 WL 811 (6th Cir., Jan.8, 1990).[1] As the Sixth Circuit noted, "the language of the penalty section is similar to that of the substantive offense section and both sections explicitly prohibit the conduct for which [Fentress] was convicted." *Williams*, 1990 WL 811 at *2. Fentress was charged under a regulation which prohibited his conduct. Accordingly, this argument will be rejected.

*Vagueness*

█ Fentress also characterizes the regulation as "completely and hopelessly

---

1. Fentress contends that citation to, and consideration of, this unpublished opinion should be strictly limited. (Reply at 2–3.) The court agrees that, as a general matter, unpublished opinions should not be relied upon. However, like any other writing on a point of law, the unpublished Sixth Circuit opinion is "entitled to the weight [it] generate[s] by the per-

suasiveness of [its] reasoning." *Hupman v. Cook*, 640 F.2d 497, 501 (4th Cir.1981). This opinion, therefore, cites to *Williams* only to the extent that its reasoning is persuasive, not because the court perceives *Williams* as an authoritative statement of the law of the Sixth Circuit.

ambiguous" because it creates ten possible charging theories. (Appellant's Br. at 19–20.) Fentress therefore contends that the regulation is void for vagueness. The Government argues that the regulatory language easily lends itself to common understanding as to what is "loud, boisterous, and unusual" and what would impede the operation of a hospital.[2] (Appellee Br. at 11.)

The Supreme Court recently held that "[v]agueness may invalidate a criminal law for either of two independent reasons. First, [the statute] may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement." *City of Chicago v. Morales,* 527 U.S. 41, 56, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (citing *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)).

The challenged regulation does not fail for vagueness. This argument was also raised in *Williams,* where the Sixth Circuit noted that, "the controlling standard of conduct [under 38 CFR § 1.218(b)(11) ] is reasonably clear: if the conduct would tend to disturb the routine operations of a VA hospital, such conduct is prohibited." *Williams,* 1990 WL 811 at *2. Further, "[w]hile the regulations could further particularize the conduct they seek to prohibit, imposing such a burden on the regulations' drafters would make impossible the task of writing criminal statutes [sic] broad enough to encompass a panoply of conduct and specific enough to fairly apprise citizens of what behavior is unlawful." *Id.* The court finds the reasoning in *Williams* persuasive on this point. The VA regulation is not void for vagueness.

### Overbreadth

▮ Fentress also argues that the VA regulation is overbroad. (Appellant's Br. at 14.) "[T]he allowance of a facial overbreadth challenge to a statute is an exception to the traditional rule that 'a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court.'" *Los Angeles Police Dep't v. United Reporting Publishing Corp.,* 528 U.S. 32, 39, 120 S.Ct. 483, 145 L.Ed.2d 451 (1999) (quoting *New York v. Ferber,* 458 U.S. 747, 767, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982)). "Because of the wide-reaching effects of striking down a statute on its face at the request of one whose own conduct may be punished despite the First Amendment, [the Supreme Court] ha[s] recognized that the overbreadth doctrine is 'strong medicine' and ha[s] employed it with hesitation, and then only as a last resort." *Id.* (internal quotations omitted). "Only a statute that is substantially overbroad may be invalidated on its face." *City of Houston v. Hill,* 482 U.S. 451, 458, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) (citing *Ferber,* 458 U.S. at 769, 102 S.Ct. 3348).

The VA regulation, 38 CFR § 1.218(b)(11), should only be invalidated as overbroad if it "reaches a substantial amount of constitutional activity." *Id.*

---

**2.** Regarding the defendant's constitutional challenges, the government asserts that, pursuant to 38 U.S.C. § 502, a district court lacks jurisdiction to hear constitutional challenges to VA regulations on the grounds of overbreadth or vagueness. (Appellee Br. at 7.) Fentress correctly points to 5 U.S.C. § 703, entitled "Form and venue of proceed-

ing," which states, "agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement." Judge Gesner correctly determined she had jurisdiction to consider the constitutional challenges raised by Fentress. This court has jurisdiction to consider these challenges as well.

(quoting *Hoffman Estates v. The Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)). To determine whether the ordinance reaches constitutional activity, the court must first determine whether any activity prohibited by the regulation would be "speech protected by the First Amendment." *Cornelius v. NAACP Legal Def. & Educ. Fund,* 473 U.S. 788, 797, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985). The court must then determine "the nature of the forum, because the extent to which the Government may limit access depends on whether the forum is public or nonpublic." *Id.* Finally, the court "must assess whether the justifications for exclusion from the relevant forum satisfy the requisite standard." *Id.*

As an initial matter, it is certainly possible that the VA regulation would reach speech protected by the First Amendment. If a group wanted to protest policies relating to the treatment of veterans, such speech would enjoy some measure of First Amendment consideration.

■ A VA hospital, however, is a nonpublic forum. Government property is a nonpublic forum if "opening [it] to expressive conduct will somehow interfere with the objective use and purpose to which the property has been dedicated." *Warren v. Fairfax County,* 196 F.3d 186, 192–93 (4th Cir.1999) (en banc); *see also United States v. Kokinda,* 497 U.S. 720, 725, 110 S.Ct. 3115, 111 L.Ed.2d 571 (1990) (plurality opinion) ("It is a long-settled principle that governmental actions are subject to a lower level of scrutiny when 'the government function operating … [is] not the power to regulate or license as lawmaker, … but, rather, as proprietor, to manage [its] internal operations.'") (quoting *Cafeteria*

*& Restaurant Workers v. McElroy,* 367 U.S. 886, 896, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961)) (modifications in original). The purpose of a VA hospital is, obviously, treating patients. For that reason, VA regulations prohibit solicitation in VA facilities, 38 CFR § 1.218(a)(8), distributing handbills, 38 CFR § 1.218(a)(9), and demonstrations, 38 CFR § 1.218(a)(14).

■ Finally, "restrictions on speech in nonpublic fora are justified to the extent that the speech at issue would interfere with the objective purposes and use of the forum." *Warren,* 196 F.3d at 193. "[T]he regulation at issue must be analyzed under the standards set forth for non-public fora: It must be reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Kokinda,* 497 U.S. at 730, 110 S.Ct. 3115 (plurality opinion) (internal quotation omitted). Because the VA hospital is a nonpublic forum, restrictions on speech at a VA hospital of the kind in 38 CFR § 1.218(b)(11) are subject to rational basis review, which is the most deferential standard of review available under the First Amendment.

Based on these factors, the court cannot conclude that 38 CFR § 1.218(b)(11) reaches a substantial amount of constitutionally protected activity. The VA's legitimate interest in making a hospital a place of rest and healing will render a prohibition on "loud, boisterous, and unusual noise" which impedes the operation of the hospital reasonable in the vast majority of situations. Accordingly, there are very few instances, if any, where the regulation would have the effect of unconstitutionally prohibiting speech.[3]

---

**3.** Further, because even core political speech could be reasonably regulated in a VA hospital, the VA regulation is *a fortiori* not unconstitutional as applied to Mr. Fentress's outburst. Therefore, Mr. Fentress's argument that the evidence is insufficient to convict him under a narrower interpretation of the VA

*Conclusion*

For the foregoing reasons, Melvin Fentress's conviction will be upheld, and his appeal will be denied.

A separate Order follows.

regulation, (Appellant's Brief at 21–22), must fail.